[Crim. No. 2393.   Second Appellate District, Division One.—September 25, 1933.]

THE PEOPLE, Respondent, v. HERBERT G. ODZA, Appellant.

Robert F. Shippee for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant was convicted on each of three counts of grand theft. He appeals from the ensuing judgment and from an order by which his motion for a new trial was denied.

Appellant concedes the fact that the evidence adduced on the trial of the action was sufficient to sustain the verdict of the jury. ▇ However, he makes the point that the verdict "was arrived at by means other than a fair expression of opinion on the part of the jurors"; and in that connection urges that since during the time the jury was deliberating on its verdict several severe earthquake shocks were experienced, the probabilities are "that the continuous earthquake shocks were the causes of the adverse verdicts and not the evidence presented to the jury".

In support of his contention, appellant relies upon each of several seemingly unimportant circumstances, as follows:

That the jury was "deadlocked" from the time of its retiring at 5:08 P. M. until 9:22 P. M. (which included a period of one and one-half hours during which the jury was at dinner); that on returning its verdict, the members of the jury seemed somewhat "upset" and exhibited relief upon coming into the courtroom; that the verdicts signed in the jury-room were not dated therein, but later were dated by the foreman in the jury-box; that upon polling the jury, it was necessary for each of two of its members to repeat his affirmance of the verdict,—the first answer of such jurors being too low to be heard; and finally, upon a letter from one of the jurors by which he sought to impeach his own verdict. It is apparent that none of the first four of such specified contentions, nor all of them combined, presents an unusual situation in the trial of causes by jury. In fact, each of such conditions is but a common, every-day observation of judges and other persons connected with such trial work. ▇ The authorities are universal that at-

tempted impeachment of the verdict by one of the jurors who participated therein is an inadmissible fact. On the other hand, as appears by the record herein, the fact that after the verdict had been returned and the jury had been discharged, at least a majority of the members of the jury voluntarily remained in the courtroom ''apparently out of no other interest than their interest or curiosity in connection with the ultimate outcome of the case'',—refutes the idea that the verdict was the result of anything other than the evidence introduced on the trial of the action. ■ At any rate, in the absence of an abuse of discretion, the question submitted to this court for its determination was one which having been presented to and determined by the trial court, is beyond legal inquiry by this tribunal. Since no abuse of discretion by the trial court is discernible, it follows that the point presented by appellant cannot be sustained.

■ Appellant also predicates prejudicial error on the failure of the trial judge to give to the jury, at the request of defendant, certain specified instructions. But since it unquestionably appears from the record herein that each of such instructions was adequately covered by other instructions which the trial court gave to the jury, it becomes clear with respect to such specification of error that appellant has no just cause for complaint.

It is ordered that the judgment and the order by which the motion for a new trial was denied be, and the same are, affirmed.

York, J., concurred.

CONREY, P. J., Concurring.—I concur. I think that this appeal is frivolous. There should be some way to avoid the public expense of a 638-page reporter's transcript at the instance of a party who (as later shown by his brief on appeal) had no use for such transcript.