## TOM HAYNIE v. THE STATE.

### No. 6946.   Decided May 24, 1922.

**Aggravated Assault—Jurisdiction—Notice of Appeal—Docket.**

The statute, Art 915 C. C. P., as a condition precedent, giving jurisdiction to this court, requires that notice of appeal to this court be given in open court and entered of record, and a memorandum on the docket of the trial judge is not sufficient. Following Teague v. State, 53 Texas Crim. Rep., 503, and other cases.

Appeal from the County Court of Stephens.   Tried below before the Honorable J. W. Darden.

Appeal from a conviction of aggravated assault; penalty, a fine of $25 and thirty days in jail.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the offense of aggravated assault; punishment fixed at a fine of $25 and confinement in the county jail for thirty days.

The State, through the Assistant Attorney General, moves to dismiss the appeal for want of jurisdiction.   The only reference to the notice of appeal is this:

"Trial Docket on 11/2/1921

Notation on trial docket, Tom Haynie makes notice

of appeal by his attorney."

The statute, Article 915, as a condition precedent to the consideration by this court of an appeal, requires that notice of appeal to this court be given in open court and "entered of record."   This statute is not complied with by the memorandum on the docket of the trial judge.   Such has been the previous holding of this court.   See Teague v. State, 53 Texas Crim. Rep., 503; Lenox v. State, 55 Texas Crim. Rep., 259; Vernon's Tex. Crim. Stat., Vol. 2, p. 877.

If the appellant gave notice of appeal, the statute, Article 915, points out the method of having it entered of record at a subsequent term.   As the matter now presents itself, this court is without jurisdiction.

The appeal is dismissed.

*Dismissed.*