M. E. CONNELLY v. THE STATE.

No. 7247.   Decided January 24, 1923.

**Embezzlement—Grand Jury—Indictment—Sufficiency of Evidence.**
This court has laid down the rule that all objections to a grand juror must be presented prior to the conviction, and the indictment being sufficient

in other respects, there was no error in overruling exceptions thereto, and the evidence being amply sufficient to sustain the indictment, the judgment is affirmed.

Appeal from the District Court of Hardin. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

*Coe & Briggs*, and *A. D. Lipscomb*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hardin County of embezzlement, and his punishment fixed at two years in the penitentiary.

Appellant was not represented by counsel on his trial. The record contains no objection to the indictment, to the charge of the court, or to the introduction or rejection of evidence. Said indictment is as follows:

"In the name and by the Authority of the State of Texas;

"The grand jurors for the county of Hardin, State aforesaid, duly organized as such at the September Term, A. D. 1921, of the District Court for said county upon their oaths in said court present that M. E. Connelly on or about the 21st day of July, One Thousand Nine Hundred and Twenty and anterior to the presentment of this indictment, in the county of Hardin, and State of Texas, was cashier of the Citizens National Bank of Sour Lake, Texas, a corporation and the said Connelly did then and there unlawfully and fraudulently embezzle, misapply and convert to his own use, without the consent of the said Citizens National Bank of Sour Lake, Texas, certain money belonging to said bank, to-wit, One Hundred ($100.00) Dollars in money of the value of One Hundred ($100.00) Dollars which said money had come into the possession and was under the care of the said Connelly by virtue of his said employment as cashier of said bank; against the peace and dignity of the State."

We set this out at length because the most of appellant's objections are directed at the sufficiency of the indictment. Both by motion in arrest of judgment and for a new trial appellant contended that he was not sufficiently charged with the duty of receiving any money as agent of the bank, nor that as such agent was it shown that he embezzled the money of said bank; also he insists there is no allegation of the want of consent of his principal; further that there is no allegation as to whether said bank was incorporated under the laws of Texas or of the United States; also he insists the indictment charges no offense against the law, and it is most strenuously urged that a man having sat on said grand jury who was admitted by the State by·

agreement filed herein, to have been neither a freeholder in this State nor a householder in Hardin County, that the said grand jury was illegally composed, and all proceedings had in presenting the indictment were thus rendered void.

Chapter 1, Title 7 of our Code of Criminal Procedure provides the qualifications and method of organization of a grand jury, and provides in Article 409, as follows:

"Any person, before the grand jury has been impaneled, may challenge the array of jurors or any person presented as a grand juror; and, in no other way, shall objections to the qualifications and legality of the grand jury be heard. Any person confined in jail in the county shall, upon his request, be brought into court to make such challenge."

Article 413 of said Code sets out the grounds upon which a challenge to a particular juror may be based. In Carter v. State, 39 Texas Crim. Rep., 345 (reversed by the Supreme Court of the United States on other grounds); Smith v. State, 56 S. W. Rep., 55; Barber v. State, 46 S. W. Rep., 235; Webb v. State, 40 S. W. Rep., 989, and Squyres v. State, 91 Texas Crim. Rep., 405, 242 S. W. Rep., 1024, and many other cases, this court has laid down as sound the rule that all such objections to a grand juror must be presented prior to the conviction. No objection having been made to the juror before being presented in motion for new trial, the claim of his disqualification cannot be now successfully urged. Our statute makes it a disqualification for a juror in any felony case to be not a freeholder in the State or a householder in the county, but it seems uniformly held that failure to present this objection to such service as a juror before trial, will be held waived. Lowe v. State, 88 Texas Crim. Rep., 316, 226 S. W. Rep., 674, collates many authorities. The authorities cited by appellant wherein it is discussed and decided that a grand jury composed partly of women is illegal, are not in point.

The indictment is sufficient. The allegation that appellant was cashier of the Citizens National Bank of Sour Lake, a corporation, sufficiently charged the name of appellant's principal without need for further description. Stallings v. State, 29 Texas Crim. App., 220; Smith v. State, 34 Texas Crim. Rep., 271. The allegation that the money belonged to said bank, is enough to charge the ownership in said corporation. The allegation that said money came into appellant's possession and was under his care by virtue of his employment as cashier of said bank, would be deemed to charge that he was the agent and employee of said bank and as such received the property of his employer. No set form of words is necessary in such an indictment, but it is sufficient if the statutory ingredients of embezzlement are embraced and contained in the language used.

We deem the evidence amply sufficient. As cashier of the bank appellant received and receipted for one hundred dollars deposited

with said bank to be held by it in escrow pending the termination of
a contract between certain parties. That said money was so received
by appellant was in no way questioned. He did not take the stand
nor attempt by testimony to dispute said proposition. The money
was never deposited in any of the funds of the bank, and the relation-
ship between appellant and the bank having been dissolved before said
contract was executed, upon presentation after the completion of said
contract, the bank paid to the party holding its receipt therefor, the
sum of one hundred dollars, which should have been placed in the
funds of the bank by appellant. That he received said money as an
employe of the bank, and that as such he appropriated it and applied
it to his own used, would seem beyond controversy.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*