## M. E. CONNELLY v. THE STATE.

### No. 7249. Decided May 30, 1923.

**1.—Swndling—Grand Jury—Indictment—Companion Case.**

Where the attack upon the indictment, based upon the alleged disqualification of one of the grand jurors, is the same as that decided against the defendant in the companion cases, there is no reversible error. Following Connelly v. State, 248 S. W. Rep., 340, and other cases.

2.—Same—Indictment—Money—Note.

The fact that one count in the indictment contained an averment that the property was money and another that a note was acquired did not vitiate the indictment. Following Irving v. State, 8 Texas Crim. App., 46.

3.—Same—Sufficiency of the Evidence.

. Where, upon trial of swindling, the evidence was sufficient to sustain the conviction, there was no reversible error. .

Appeal from the District Court of Hardin. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of swindling; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Coe & Briggs,* and *A. D. Lipscomb,* for appellant.

*R. G. Storey,* Assistant Attorney General, and *C. N. Cain,* District Attorney, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for swindling; punishment fixed at confinement in the penitentiary for a period of five years.

The attack upon the indictment based upon the alleged disqualification of one of the grand jurors is the same as that decided against the appellant in the companion cases. See Connelly v. State, 93 Tex. Crim. Rep. 295, 248 S. W. Rep. 340; Connelly v. State, 93 Tex. Crim. Rep., 397, 248 S. W. Rep. 342.

There are two counts in the indictment: one charging the acquisition of sixteen hundred dollars in money; another charging the acquisition of a note for $1600.

The injured party named in both counts is Paul E. White, from whose testimony it appears that the appellant, who was cashier of the Citizens National Bank of Sour Lake, Texas, told White that he (appellant) had overdrawn in the bank in the sum of $1500 and indicated that he wanted to borrow money from White to cover the overdraft. White executed a note for $1600 payable in six months, to the Citizens National Bank of Sour Lake, delivered it to the appellant, who immediately had placed to his own credit $1500 the amount of the note less the discount. .White told the appellant that he did not have the money. Appellant then suggested that the bank would lend him the money, and White consented to make his note. As an inducement to do so, appellant represented to White that he owned twenty-nine shares of stock in a certain corporation known as the "Sour Lake Investment Company" of the par value of $2900, and that the certificate for this stock would be delivered to White to

indemnify him and secure him against loss. The certificate of stock which was delivered to White bore the heading: "In corporated under the laws of the State of Texas; capital stock, $32,000; shares, $100 each; certificate No. 8; 29 shares." It contained language certifying that M. E. Connelly was the owner of twenty-nine shares of the capital stock of the Sour Lake Investment Company, fully paid and non-assessable; and described W. E. Lee as president and M. E. Connelly as secretary. Upon the back of the certificate was written an assignment of transfer signed by M. E. Connelly. Such was the condition of the certificate introduced in evidence.

Lee was president of the Citizens National Bank of Sour Lake, and appellant was cashier of that bank. White believed the stock to be genuine and to be worth its face value, and upon this belief he executed the note, also believing the company to be solvent.

Appellant represented to White that there was an emergency in that the State Bank Examiner was to examine the books of the bank and that he would be dissatisfied with the overdraft.

The Sour Lake Investment Company was not a corporation. Its charter had been prepared but after having been sent to Austin it was withdrawn and was not filed with the Secretary of State. At the time that the charter was prepared, at appellant's request, the stock was signed by Lee as president and by Connelly as secretary. Lee instructed Connelly not to issue the stock unless the plans for the incorporation were consummated. No other shares of stock were delivered and the shares which were given to White were of no value whatever.

The fact that one count in the indictment contained an averment that the property was money and another that a note was acquired did not vitiate the indictment. The count relating to the note alone was submitted to the jury. The counts relating to the same transaction were appropriately drawn to meet the different phases of the evidence. Irving v. State, 8 Texas Crim. App. 46; Branch's Ann. Tex. P. C., Sec. 507.

The evidence showing that by reason of the note which White executed upon the representation of appellant that the twenty-nine shares of stock were of par value, a credit in the bank was obtained and used by the appellant in paying his overdraft, is sufficient to support the averment showing that appellant obtained the note. The note was executed by White and placed in the bank for the benefit of the appellant. King v. State, 66 Tex. Crim. Rep., 397; Robinson v. State, 63 Tex. Crim. Rep., 212. Though there was no specific declaration made by appellant, to White that the Sour Lake Investment Company was a corporation, the recital in the stock certificate exhibited to White and delivered to him by appellant, accompanied by the representation by appellant that he was the owner of the stock and that it was worth the money, the verdict of the jury finding that the appellant

obtained the note described in the indictment by means of the false representations there averred is sustained.

The evidence is sufficient to support the verdict, and no errors are revealed by the record.

The judgment is affirmed.

*Affirmed.*