EX PARTE N. F. CHRISTIAN.

No. 8582.   Delivered May 21, 1924.

Rehearing denied Jan. 28, 1925.

**1.—Habeas Corpus—Notice of Appeal—Must Appear in Minutes.**

This is an appeal from Jefferson County remanding appellant to custody. Notice of appeal is not shown in the record. This is necessary in Habeas Corpus cases, and without such notice the appeal is dismissed.

ON MOTION FOR REHEARING.

**Same—Notice of Appeal—Docket Order Insufficient.**

As supporting his motion for rehearing appellant presents certified copies of docket orders, made by trial court with reference to notice of appeal. Since Long v. State, 3 Tex. Crim. App. 321 it has been the established rule in this court, that notice of appeal must be entered in the minutes, and that a mere showing of a docket entry is not sufficient. See Suesbey v. State, 72 Crim. Rep. 441.

Appeal from the District Court of Jefferson County. Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from an order from the District Court of Jefferson County remanding appellant to custody.

*J. E. Rose & B. C. Johnson,* of Port Arthur, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—This is an appeal from the district court of Jefferson County remanding appellant to custody. He had obtained

a hearing by *habeas corpus* before the district court, asserting the inva·· lidity of his confinement.

There appears in the record no notice of appeal given from the judgment of the court remanding appellant. In order to manifest dissatisfaction of the accused with the order and judgment of the trial court, and to set forth his desire that an appeal be taken, it is uniformly necessary that notice of appeal must be given. This is true in appeals in *habeas corpus* cases. Ex parte Barrier, 17 Texas Crim. App., 585.

The appeal will be dismissed.

*Dismissed.*

### ON REHEARING.

LATTIMORE, JUDGE.—Appellant files a motion for rehearing seeking to have this case reinstated following a former judgment of this court dismissing the appeal. As supporting the motion for rehearing, appellant presents certified copies of docket orders made by the trial court with reference to notice of appeal. The motion for rehearing will be overruled. Since Long v. State, 3 Texas Crim. App., 321; it has been the established rule and this court's interpretation of the law that notice of appeal must be entered in the minutes and that a mere showing of a docket entry is not sufficient. The matter is discussed at some length in Suesbey v. State, 72 Texas Crim. Rep., 441. For the reasons therein stated, the motion for rehearing will be overruled.

*Overruled.*