# NOVEMBER, 1924.

## Aurellio Estrada v. The State.

No. 7476.   Delivered Nov. 12, 1924.

Rehearing denied Feb. 13, 1925.

**1.—Transporting Intoxicating Liquor—Special Charges—Properly Refused.**

Appellant requested a special charge instructing the jury that unless they found from the evidence that the liquor was transported for the purpose of sale, or commercial purpose, that appellant should be acquitted. This charge was properly refused as was also a request for a peremptory instruction.

**2.—Same—Motion in Arrest—Filed Too Late.**

Appellant filed a motion in arrest of judgment. The matters presented in the motion which relate to the formation of the grand jury, and to the law under which the prosecution was conducted and the failure of the law to provide for a suspended sentence, should have been filed in limine, and come too late, when presented in a motion in arrest of judgment.

Appeal from the District Court of Bastrop County. Tried below before the Hon. R. J. Alexander, Judge.

Appeal from a conviction of unlawful transportation of liquor; penalty, one year in the penitentiary.

The opinion states the case.

*R. A. Brooks,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Bastrop County of the unlawful transportation of intoxicating liquor, and his punishment fixed at one year in the penitentiary.

There is no question under the facts but that appellant was guilty of carrying on a public road a bottle of whisky. Upon analysis it was found to contain 40 per cent of alcohol and its intoxicating quality was testified to by persons who tasted and examined same. The indictment contained two counts, one charging the transportation of intoxicating liquor and the other the transportation of liquor containing more than one per cent of alcohol by volume. The court submitted both counts to the jury and a general verdict was rendered finding the appellant guilty as charged in the indictment. The judgment of the court was that appellant was guilty under the second count in the indictment.

The refusal of a special charge instructing the jury that unless they found from the evidence that the liquor was transported for the purposes of sale or commercial purposes, that appellant should be acquitted, was properly refused, as was likewise a request for a peremptory instruction.

There is a bill of exceptions to the overruling of a motion in arrest of judgment. The matters presented in the motion in arrest of judgment if available should have been presented *in limine*. They relate to complaints of the formation of the grand jury and of the petit jury and are directed at the law under which the prosecution was conducted, and at the refusal of said law to permit the appellant to have a suspended sentence.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

### DISSENTING OPINION.

MORROW, PRESIDING JUDGE.—Appellant was arrested upon a public road, and in his pocket there was found a twelve-ounce bottle, about two-thirds full of whisky. There is no evidence that he was making any unlawful use of it further than that which might be inferred from the fact that he was in possession of it while traveling on the public road.

In view of the statute which makes the possession of intoxicating liquor lawful, except where it is possessed for the purpose of sale, and the statute which declares that the inference of an unlawful possession applies only where the quantity possessed is more than a quart, the evidence is deemed by the writer to be insufficient to support the conviction.

The reasoning and authority upon which this view is based will be found stated in more detail in the dissenting opinion of Gandy v. State, No. 7579, to which reference is made.