## BRYSON v. STATE. (No. 12171.)

Court of Criminal Appeals of Texas. Jan. 23, 1929.

On Rehearing, Oct. 23, 1929.

F. H. Prendergast, of Marshall, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for simple assault; punishment, a fine of $10.

■■ Attention is called by the state's attorney with this court to the fact that no sufficient notice of appeal appears in this record, and that hence this court is without jurisdiction. Upon inspection we are convinced that this is correct. The only thing in the record on this point is the following: "July 10, 1928. Motion for new trial overruled. Notice of appeal given by defendant." This appears to be taken from the trial docket, and is not a transcribed copy of the minutes; hence, under all the authorities, same falls short of being the notice required by law. In the early case of Long v. State, 3 Tex. App. 321, upon an almost identical state of facts, this court held that no sufficient notice was given and dismissed the appeal. The rule applies in misdemeanor cases. Palmer v. State, 63 Tex. Cr. R. 614, 141 S. W. 109. See also Sauzeda v. State, 86 Tex. Cr. R. 461, 216 S. W. 1098; Haynie v. State, 92 Tex. Cr. R. 45, 241 S. W. 478; Ex parte Christian, 99 Tex. Cr. R. 99, 268 S. W. 160; Roberts v. State, 99 Tex. Cr. R. 492, 269 S. W. 103.

We regret that we are compelled to dismiss this appeal because of no sufficient notice. It is so ordered.

### On Motion for Rehearing.

HAWKINS, J. An opinion was delivered on the 6th day of February, 1929, in which an affirmance was ordered. In a motion for rehearing and oral argument thereon, the facts are called to our attention in such a way that we are led to believe that we were wrong in the conclusion heretofore announced. The opinion affirming the judgment will be withdrawn, and the following substituted therefor:

On January 23, 1929, the appeal was dismissed for failure of the record to show notice of appeal. Appellant has availed himself of the provisions of article 827, Code Cr. Proc., to have such notice of appeal carried into the minutes of the court. That order is now before us by supplemental transcript. The appeal is therefore reinstated, and the case will be considered on its merits.

From the statement of facts we learn that appellant, Bryson, was the owner of 100 acres of land of the Anderson survey in Harrison county; that the Magnolia Gas Company was the owner of a 40-acre tract of land out of the Pollock survey in the same county; that the east line of Bryson's land and the west line of the land owned by the gas company were identical. There was a road through the 100-acre tract belonging to Bryson, which led to the town of Waskom. Bryson owned the land on the north and south

of the road, and claimed that the road was a private, and not a public road. There is no evidence that the road was a public road; nor is there evidence of the length of time that it had been used by the gas company. It was on Bryson's land, and he decided to build a fence across it. While appellant was in the act of building the fence, an employee of the gas company telephoned to a constable. Smith (the constable) came, in company with Brewer and Ferguson (employees of the gas company), and destroyed the fence. Nothing appears in the record showing that appellant did not have the right to build the fence in question, nor is there anything showing that the constable had a right to tear it down. The parties who destroyed the fence went to the filling station of the gas company, which was about 140 feet distant.

Bryson began to rebuild the fence. His action was observed by Brewer, who drove his automobile to the place where Bryson was at work, and "drove his automobile straight towards Bryson, as though he intended to run over him with his car." In his testimony, Brewer claimed that his speed was about 4 or 5 miles an hour, and that as he approached Bryson the latter made a demonstration with a hammer, as though he was going to throw it through the windshield of the car. However, he did not throw it, but, when the car reached him, Bryson put his hand on the fender and threw himself out of the way of the car, at the same time striking Brewer with the hammer and bruising his arm. When Bryson made the demonstration to strike, Brewer increased the speed of his car and ran past him.

Bryson testified that Brewer approached him, driving his car at a speed of about 15 miles an hour, and was coming directly towards him; that when the car reached him he put his hand on the fender and threw himself out of the way and fell to the grund; that he did not intentionally strike Brewer with a hammer, but it is possible that the hammer may have hit Brewer as he (Bryson) fell. Smith, the constable, was in the filling station of the gas company and saw the transaction. He arrested Bryson, handcuffed him, and with the aid of Brewer and Ferguson forced him into his car. Bryson was taken through Waskom and within 100 yards of the residence of the justice of the peace, who lived at Waskom. He was taken to Marshall, about 20 miles from Waskom, and placed in jail. Brewer filed no complaint against Bryson, and he was kept in jail over Sunday. Some time during that day Smith was required to file a complaint against Bryson, but failed to do so. On Monday afternoon, a complaint was filed, and Bryson was released on bond.

On the trial Brewer testified that he did not intend to run over Bryson, but expected him to believe that it was his intention to do so. There seems to be no substantial conflict in the evidence. Counsel for appellant contends that the facts do not justify the conviction. If there be evidence, though conflicting, supporting the ruling of the trial court, this court is not authorized to disturb the judgment. However, the evidence, without conflict, as we now understand it, shows appellant to be not guilty. The judgment of the trial court to the contrary is not binding. The evidence in its most forceful effect against accused is that he was on his own land, constructing a fence which the evidence fails to show he was not rightfully building. According to Brewer's testimony, he drove his automobile upon appellant's land, and directly towards appellant, in a manner to make appellant believe that he was going to be run over by Brewer's car. This constituted an assault, or at least constituted such a demonstration as made it rightful for appellant to offer such resistance, viewed in the light of the circumstances, as might to him reasonably appear necessary. The most that can be said against him seems to be that, while Brewer was driving towards appellant with his car, he made a demonstration as though he was going to throw the hammer at Brewer, and that Brewer then quickened the speed of his car, and as he passed appellant he was struck with the hammer, which appellant had in his hand.

Appellant was a citizen in the community. He was upon his own land. The conduct of the constable in handcuffing appellant, with the assistance of the two employees of the gas company, in failing to take him to the nearest justice of the peace, in order that complaint might be made and bond executed, and putting him in jail, is indicative of such prejudice against appellant, and such disregard of his rights as a citizen as to weaken the force of the testimony of the state's witnesses. However, as stated above, it is believed that, giving the state's witnesses full effect and taking their statements at their face value, such assault, if any, as appellant made upon Brewer, was shown by the record to have been in defense of his own person.

For the reasons stated, the motion for rehearing is granted, the order of affirmance is set aside, and the opinion withdrawn, and the judgment of the trial court is now reversed, and the cause remanded.