BEN APPLEGATE V. THE STATE.

No. 13404. Delivered May 28, 1930.
Rehearing granted June 26, 1930.
Reported in 30 S. W. (2d) 327.

The opinion states the case.

*Boseman & Cathey,* of Quitman, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful manufacture of intoxicating liquor; penalty, three years in the penitentiary.

Officers came upon a still located in the woods. At this still they saw the appellant, Pete Thomas and Ardell Thomas. A fire was under the still and whiskey was running out of same. They found six fifty-gallon barrels of mash. The three parties at the still ran when the officers approached and escaped in a car.

The only defensive issue made by the testimony was that of an alibi, appellant claiming that the officers were mistaken as to his identity and that of the other parties seen with him.

Ardell Thomas and appellant were separately indicted for the above offense, Thomas' case being No. 5675, and that of appellant being 5683. Thomas' case was called on the 15th day of October, 1929, and passed on account of the sickness of his wife until the 28th day of October, after which appellant presented a motion for severance. This was overruled for the reason that same was not presented until after the Thomas case was passed. Appellant's case was likewise passed until the date last above mentioned. When called on the 28th of October, Thomas' case was continued because of the sickness of his wife. Appellant's motion for severance was again presented and overruled by the Court. The rule is that a severance is properly denied where the granting of same would operate as a continuance. Ross v. State, 102 Tex. Crim. Rep. 364; Moore v. State, 96 Tex. Crim. Rep. 262; Anderson v. State, 8 Tex. Crim. App. 542; Locklin v. State, 75 S. W. 305; Vernon's Texas C. C. P., Art. 651, Note 9. We take the following statement from Anderson v. State, supra:

"A party whose evidence is the subject of the severance must be present, or in such situation that his case can be first tried with reasonable dispatch."

Since the granting of the severance in this case would have operated as a continuance the Court properly overruled same.

We make this holding without expressly passing on the sufficiency of appellant's bill presenting the matter. There is no showing in appellant's bill that the co-indictee had agreed that appellant might be tried first, as provided by Art. 652, C. C. P. If he refused to so agree, the Court would plainly have the discretion to proceed with appellant's trial first under this article. While appellant's bill pre-

senting this matter would seem defective in the particular mentioned, it seems unnecessary to expressly so decide, in view of the disposition we make of the question.

Appellant made application for a continuance on account of the absence of five witnesses. Two of these appeared and testified. The other three were Mrs. Ardell Thomas, Mrs. Burl Thomas and Ardell Thomas, co-indictee with appellant. What has been said disposes of this as to Ardell Thomas. By the other two witnesses appellant expected to prove an alibi for Ardell Thomas, the effect of which was only to impeach the officers who testified to the presence of Ardell Thomas at the still. Their testimony does not affirmatively tend to prove an abili for appellant. We will not ordinarily revise the discretion which the law vests in the trial court in refusing a continuance to procure testimony which is only available to impeach a witness. Rodgers v. State, 36 Tex. Crim. Rep. 563; Franklin v. State, 34 Tex. Crim. Rep. 210; Branch's P. C., Sec. 324. We do not think in this case the Court abused his discretion in overruling appellant's motion for a continuance.

Some question is made as to the court's charge on alibi, but it is apparently in language many times approved, and we deem it unnecessary to consume space in its discussion.

The sentence appearing in the transcript is defective in two particulars. Appellant is adjudged to be guilty of "manufacturing liquor" and is sentenced to a term of three years in the penitentiary. There is no such offense eo nomine as "manufacturing liquor" and the indeterminate sentence law is not complied with in sentencing appellant for an exact term of three years. The sentence will therefore be reformed to adjudge appellant guilty of the unlawful manufacture of intoxicating liquor and to be confined in the penitentiary for a term of not less than one nor more than three years, and as so reformed will be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In that part of our opinion in which we held it not error to have refused the application for continuance made because of the absence of Mrs. Ardell Thomas and her mother, we have concluded upon mature reflection that we were in error.

There was no question raised as to the diligence used to secure the presence of said witnesses, nor of the fact that sufficient reasons were shown why they could not be present at the trial. Succintly stated, it was set up that if present these witnesses would give testimony which, if believed, would show a complete alibi for Ardell Thomas and Pete Thomas. The affidavits of said witnesses were attached to the motion for new trial, and in same they avowed that had they been present they would have testified to such facts.

We must bear in mind that in the development of the res gestae of the case against this appellant the State proved by its witnesses,—the officers who raided a still in a thicket near Mineola,—that as they approached same they saw appellant, Ardell Thomas and Pete Thomas at the still. All of said parties escaped in a car before the officers got quite up to them. Appellant testified that he was not at the still, but was at another and different place, in which proposition he was corroborated by a number of witnesses.

Referring to the absent testimony, it thus appears that two of the men identified by the officers as being present with appellant at the time and place of the commission of the offense, would be shown by such absent testimony to be not at the still at such time, but that they were in fact at a different place. This would seriously combat the State's case as sworn to by its witnesses, and might serve to cast doubt on the ability of the State witnesses to recognize appellant as one of those present at said time. In short, in the language of our opinions, the absent testimony was more than impeaching. It would tend to disprove the substance of the State's case. Tull v. State, 55 S. W. Rep. 61; Stewart v. State, 52 Texas Crim. Rep. 100; Cockrell v. State, 60 Texas Crim. Rep. 124; Eppison v. State, 82 Texas Crim. Rep. 369; Cottrell v. State, 91 Texas Crim. Rep. 134; Stubblefield v. State, 94 Texas Crim. Rep. 446; Lusty v. State, 97 Texas Crim. Rep. 171. These cases will be found upon examination to illustrate the principle deemed by us to have application to the question under discussion.

Being now of opinion that the trial court erred in refusing the continuance, and in overruling the motion for new trial based thereon, the appellant's motion for rehearing will be granted, the judgment of affirmance will be set aside, and the judgment of the lower court will be reversed and the cause remanded.

*Reversed and remanded.*