PETER COOPER V. THE STATE.

No. 21298. Delivered December 11, 1940.

The opinion states the case.

*Williford, Williford & Bond,* of Fairfield, for appellant.

*W. V. Geppert* and *Renfro Speed,* County Attorney, both of Teague, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is murder; the punishment, confinement in the penitentiary for twenty-five years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Willie B. Love by stabbing him with a knife.

According to the testimony of the State, the appellant, without justification or excuse, stabbed deceased to death with a knife. It was appellant's version, given support in his own testimony and that of other witnesses, that at the time he killed deceased he was defending himself against an actual attack deceased was making upon him with a knife. Appellant denied any intent to kill.

In his motion for new trial appellant allaged that, after retiring to deliberate upon their verdict, the jury received other testimony. It appears from the testimony heard by the court upon the motion that, prior to the time a verdict was reached, a member of the jury referred to the fact that a kinsman of appellant had killed a woman in an adjoining county. The juror alleged to have made the statement testified that he merely referred to the fact for the purpose of identifying appellant. Apparently he did not know and did not state to the other jurors whether the kinsman of the appellant was a near relative. As far as the record discloses the matter, the relationship might have been remote. According to their testimony, some of the jurors heard the statement. The testimony heard by the court was uncontroverted to the effect that one member of the jury promptly admonished his fellow-jurors that the subject should be dropped. His advice was followed and no further mention of the matter was made. The trial court was warranted in finding that the reference to the trouble of the kinsman of the appellant was casual, and that no discussion followed relative to the matter after the jury had been admonished by one of its members. We would not feel warranted in holding that injury should be presumed merely because mention was made of the fact that some kinsman of the accused had been in trouble. While Subdivision 7 of Article 753, C. C. P., provides that a new trial shall be granted in cases of felony where the jury, after having retired to deliberate upon a case, have received other testimony, a transgression against such statute is not ground for reversal of the judgment where it is such that it could not have affected the fairness of the trial. Hallmark v. State, 230 S. W. 697. In

414

Smith v. State, 106 S. W. 1165, Judge Ramsey, speaking for the court, said:

"We think the true rule is that where, as in this case, the testimony supports the verdict, and the charge of the court properly submits the case to the jury, that a verdict ought not to be set aside for every incidental and casual mention of a former trial or a former conviction, and that in no case should it be set aside in a case tried according to law where the conviction is supported by the testimony, unless the court may fairly and reasonably see in the light of all the circumstances that such reference and discussion did or might have prejudiced the appellant's case."

In the present case, the trial court was warranted in finding that there was only an incidental and casual mention made of trouble a relative of appellant—the relationship not being shown—had had in an adjoining county which resulted in the killing of a woman. It is true that when the terms of the statute are violated the burden is not upon the accused to show injury. However, in the light of the record, in giving application to the principles controlling, we are of opinion that the trial court was warranted in the finding that no injury resulted from the statement of the juror.

Failing to find reversible error, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.