### VANCE TYSON V. THE STATE.

No. 21668. Delivered June 27, 1941.
Rehearing Denied October 15, 1941.

The opinion states the case.

*Polk Shelton,* of Austin, for appellant.

*Carlos C. Ashley,* District Attorney, of Llano, *Thos. C. Ferguson,* of Burnet, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The indictment charged only that the appellant did "with malice aforethought in and upon Emil Kroll make an assault, with the intent then and there to murder the said Emil Kroll." Under such charge, the trial court submitted to the jury assault with intent to murder with and without malice, and aggravated assault.

The jury returned the following verdict, which was received by the trial court, viz:

"We, the jury, find the defendant, Vance Tyson, guilty of Murder with malice aforethought and assess his punishment at 2 years confinement in the penitentiary."

Upon such verdict, judgment was entered finding appellant guilty of assault with intent to murder, and decreeing that he be punished by confinement in the State penitentiary for a term of two years. Sentence was duly passed in keeping with

such judgment; from which notice of appeal was given.

That the verdict of the jury found appellant guilty of an offense not charged in the indictment is evident. Such a verdict was, therefore, a nullity, and could not support the judgment and sentence entered. Tarkenton v. State, 135 S. W. (2d) 716; 138 Tex. Cr. R. 292; Moore v. State, 206 S. W. 683, 84 Tex. Cr. R. 256; Grant v. State, 127 S. W. 173, 59 Tex. Cr. R. 123.

The State, in its brief, very forcefully argues that the verdict shows that the jury intended to find appellant guilty of the offense as submitted to them, and that such intent should be given effect by construing the verdict as a whole. To this contention we cannot agree, for to do so would, in this case, have the effect of substitution by the courts of a verdict different from that which the jury found and returned into court.

For the want of a valid verdict, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a motion for rehearing asking that this court hold that the verdict of the jury constitutes an acquittal of the defendant of the charge of assault to murder by reason of which the judgment of this court should order the case dismissed.

We do not think the question is before this court for consideration, and, if it should be, it appears that the conviction was for the greater offense, which could not work an acquittal of the lesser.

The motion for rehearing is overruled.