## VANCE TYSON V. THE STATE.

No. 22439. Delivered April 28, 1943.
Rehearing Denied June 2, 1943.
Request to File Second Motion for Rehearing Denied (Without
Written Opinion) June 9, 1943.

The opinion states the case.

*McKie & Hill,* of San Marcos, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for assault with intent to murder Emil Kroll, punishment assessed at two years in the penitentiary.

This is the second time the case has been before us. The opinion on the first appeal will be found reported in 142 Tex. Cr. R. 461, 154 S. W. (2d) 477.

The questions of law presented do not call for a statement of the facts proven upon the main case. It is sufficient to say the evidence supports the verdict.

Bill of exception number one relates to a motion by appellant to quash the indictment. When the case was called for the present trial the motion to quash was presented based upon the proposition that two persons were on the grand jury which returned the indictment who were related to appellant. Subdivision

3 of Art. 362 C. C. P. (1925) makes it a ground for challenge to a proposed particular grand juror if "he is related by consanguinity or affinity to one who has been held to bail or who is in confinement upon a criminal accusation."

The relationship does not disqualify such grand juror, but is only a ground of challenge if timely made.

Article 358 C. C. P. (1925) provides that: "Before the grand jury has been impaneled, any person may challenge the array of jurors, *or any person presented as a grand juror*. In no other way shall objections to the qualifications and legality of the grand jury be heard." Since the opinion in Carter v. State, 39 Tex. Cr. R. 345, 46 S. W. 236, decided in 1898, it has been the holding that if an accused had opportunity to challenge at the time the grand jury was impaneled he waived the right to later raise the question, but if he had no such opportunity to challenge in limine he could raise the question by a motion to quash when called upon to plead to the indictment.

The bill of exception reflects the following facts. Appellant had been charged by complaint before a magistrate with the offense of assault with intent to murder. In December, 1940, an examining trial was held. Appellant was released on bond, being bound over to await the action of the grand jury at the next regular term of the district court, the convening time of which was March 24, 1941. However, the district judge called a special term of the district court to convene on January 13, 1941, and impaneled a grand jury which returned the indictment against appellant on January 14, 1941. Neither appellant nor his attorney was notified of the calling of the special term and appellant had no opportunity to challenge any person impaneled on the grand jury at the time it was organized. This case was first tried in March, 1941. A conviction resulted, but upon appeal was reversed and remanded. Upon that trial appellant plead to the indictment without presenting a motion to quash, and in no way challenged the validity of the indictment upon the ground he now urges. After the case was remanded it was again called for trial at the March term, 1942, when for the *first* time appellant presented the motion to quash the indictment because of relatives on the grand jury.

It is apparent from the explanatory statements embraced in the bill that it was the opinion of the trial court that the motion to quash the indictment came too late, appellant having plead to the indictment at a previous term and gone to trial without

raising the question as to the grand jurors. It it appellant's contention that the reversal sent the case back for a trial *de novo* and that he could raise the question of the grand jurors by motion to quash before pleading to the indictment upon the present trial, although it had not been raised before the first trial. We think the exact question has not been heretofore decided.

It seems clearly to have been the intention of the Legislature by the enactment of Article 358, C. C. P. to put a time limit upon questioning the organization of grand juries. The many cases listed under said article in Note 6, Vernon's Ann. Tex. C. C. P. bear out that such has been the construction placed upon said article by this court. By permitting one who has had no opportunity to challenge upon impanelment of the grand jury to raise the question by motion to quash the indictment should not be held to extend to an accused the right to waive the question when the first opportunity presented itself, and then raise it at a subsequent trial.

It has been held properly, we think, that where no motion has been presented to quash an indictment because of claimed informalities in organizing the grand jury the point can not be raised by motion in arrest of judgment or in the motion for new trial. Estrada v. State, 99 Tex. Cr. R. 140, 268 S. W. 958; Harvey v. State, 108 Tex. Cr. R. 66, 299 S. W. 241; Connelly v. State, 93 Tex. Cr. R. 295, 248 S. W. 340. In the opinion on motion for rehearing in Carter v. State, 39 Tex. Cr. R. 345, 46 S. W. 236, discussing accused's right to question the formation of the grand jury by motion to quash the indictment this significant language is found. "This was his *first* opportunity to test the question," etc., indicating, we think, it was the opinion of the court that the point should be raised at the *first opportunity*. In King v. State, 100 S. W. 387, it was held that the attack on the formation of the grand jury should have been made when it was impaneled, but in the original opinion this statement is found. "The motion to quash was made some ten months after the return of the indictment, and at a subsequent term of the court," and in the opinion on rehearing the court said: "There were intervening terms of the court between the filing of the indictment and the motion to quash." While the case was not decided on the question of a delayed motion to quash it is evident the fact that there was such delay attracted the attention of the court. We are not unmindful that the King case (supra) was overruled in Conklin v. State, 162 S. W. (2d) 416, but upon grounds other than those here adverted to.

There is no doubt that if appellant after his first conviction had attempted to raise the question of the two grand jurors by motion in arrest of judgment or motion for new trial, it would have been too late, he having waived the point in failing to present it by motion to quash the indictment before pleading thereto. Under the statute (Art. 358 C. C. P.) and the construction thereof it is clear that an accused having opportunity to challenge the array of grand jurors, or any person thereon at the time of impanelment, and who fails to do so has waived the right to so challenge by motion to quash the indictment. Conceding that appellant had no opportunity to challenge when the grand jury was impaneled, it is certain that he could have done so by motion to quash the indictment at the time of his first trial. Having failed to do so, he waived the point. It would seem inconsistent to hold as appellant insists that he might later at a subsequent term of court and upon another trial assert a right which he had theretofore waived when the opportunity was first presented. We are inclined to the view that the trial court was correct in holding that appellant having waived the right to challenge at the first opportunity when called upon to plead to the indictment on his former trial, that the effect to raise the question on his subsequent trial came too late. This seems to be in keeping with the spirit of Art. 358 C. C. P. and the authorities thereunder.

When called upon to plead to the indictment upon the present trial appellant entered a plea of former jeopardy. This was based upon the idea that when the court overlooked the error in the verdict upon the first trial and received the verdict and discharged the jury it brought into operation the provision of Art. 682 C. C. P. regarding the discharge of a jury without accused's consent where they could not reach a verdict. The jury did return a verdict upon the first trial. It was erroneous and resulted in a reversal. See the opinion in Tyson v. State, 142 Tex. Cr. R. 461, 154 S. W. (2d) 477. Appellant's contention that former jeopardy arose under the conditions stated appears wholly without merit.

Motion for new trial was filed on September 30 and overruled the same day. In the overruling order appears appellant's notice of appeal. Sentence was pronounced against appellant on the same day and recognizance entered into. On October 2, and during the trial term appellant filed an amended motion for new trial in which he prayed that the former order overruling his motion for new trial be set aside, basing his amended motion on the claim that the jury had received additional evidence since

retiring to consider their verdict. As a part of the amended motion appellant requested the court to hear evidence from the jurors and as court was about to adjourn for the term, asked that the term of court be extended in order that the jurors might be heard. On October 3, which was the last day of the term the court did make an order extending the term for 30 days, stating therein: " * * * it being made known to me that the defendant * * * has further matters which he desires to present in said cause * * * said term is hereby extended * * * for the purpose of allowing defendant * * * to present such additional matters * *." On October 15 the court heard evidence on the issues set up in the amended motion, overruled the same and appellant again entered notice of appeal.

It will be observed that in no motion of appellant is there a direct statement that the former notice of appeal was withdrawn, nor any direct statement in any order of the court that it had been withdrawn. *Such would have been the most desirable procedure, and had it been followed the question here present would not be in the case.*

The State takes the position that under the provisions of Articles 827 and 828 C. C. P. the trial court had no further jurisdiction of the case until the first notice of appeal had been withdrawn, and that the matter of jury misconduct should not be considered. The State cites us to Samples v. State, 80 Tex. Cr. R. 418, 190 S. W. 486; Humphries v. State, 79 Tex. Cr. R. 637, 186 S. W. 332; Tores v. State, 74 Tex. Cr. R. 37, 166 S. W. 523; Navarro v. State, 147 S. W. (2d) 1081. In the three cases first above listed the trial court declined to act on the amended motion. If what was said in Navarro's case is subject to the construction that the trial court had under all circumstances lost jurisdiction to act during the term because notice of appeal had been given it was not so intended. There is no question that the court has control over its orders during the term until it loses jurisdiction by notice of appeal being given. When the notice of appeal is withdrawn the jurisdiction of the court is re-established for the term for such action as the court thinks proper that justice may be accomplished. The real question here is does not the action of the court and appellant amount in effect to a withdrawal of the notice of appeal? That appellant so regarded it is shown by the request to set aside the order overruling the original motion for new trial, which included the notice of appeal, and by the further fact that appellant thought it necessary to again give notice of appeal (which he did) when the court overruled the amended motion. The court assumed

jurisdiction to hear the amended motion and continued the term for that purpose. When the original motion was overruled on September 30 the court granted 50 days for filing bills of exception and statement of facts. After acting on the amended motion on October 14 he entered an order making the 50 day extension date from October 15. We think Bankston v. State, 80 Tex. Cr. R. 629, 192 S. W. 1064; Bundick v. State, 59 Tex. Cr. R. 9, 127 S. W. 543; Cardwell v. State, 119 Tex. Cr. R. 186, 44 S. W. (2d) 681; Hanks v. State, 99 Tex. Cr. R. 218, 269 S. W. 106, support the conclusion that the trial court under the circumstances stated regarded the former notice of appeal as having been withdrawn and jurisdiction of the court restored. It follows that the matters complained of in the amended motion and brought forward by bill of exception should be considered.

It was averred in said amended motion that after the jury retired to consider their verdict some member of the jury told other members that appellant had been convicted upon a former trial and given two years in the penitentiary. It was particularly averred that it was argued in the jury room that twelve men had given him two years at a former trial, and that eleven men were now in favor of assessing his punishment at two years, which made twenty-three against one. If appellant had been able to establish this particular averment we think it would have undoubtedly shown that the information imparted by one of the jurors was so discussed and used as would have raised a most serious question. From the evidence of the jurors it is plain that appellant believed he could show the truth of such particular averment, and made an effort to do so, but which resulted in a complete failure. No juror heard any such argument used as was suggested in the particular averment mentioned.

It would extend this opinion unnecessarily to review the evidence of each juror heard by the court upon the motion. We content ourselves with stating the conclusions from a careful examination of the statement of facts upon such hearing. The jurors knew that there had been a former trial of appellant from the fact that some witnesses had been asked both by counsel for appellant and for the State regarding their evidence upon a former trial. Upon the first ballot all jurors agreed that appellant was guilty. As to the punishment to be assessed the jury first stood nine for two years and three for less than two years. Before they agreed upon the two year verdict some juror said appellant had been given two years upon the other trial. Two of the jurors never heard the statement at all. Some

of the jurors heard that appellant had been convicted at the former trial, but did not hear that the punishment had been assessed at two years. Two of the jurors knew of the result of the former trial at the time they were accepted as jurors upon this trial. Some of the jurors thought the former punishment was mentioned twice, others that it was referred to only once. Whether reference to the result of the former trial was only that appellant was convicted, or included the information that his punishment then had been assessed at two years, all of the jurors were in agreement that immediately upon the matter having been mentioned the foreman of the jury promptly stopped it and told the jury it should not be considered or discussed and that the subject was not further mentioned.

The situation here is quite similar to that found in Lera v. State, 165 S. W. (2d) 92, a death penalty case, and the latest to be considered at length on the question here involved. The rule announced in Smith v. State, 52 Tex. Cr. R. 344, 106 S. W. 1161, was reaffirmed. Many cases mentioned in the Lera case were there reviewed and are here referred to without again taking time to discuss them. We think the numerous cases upon the subject fall into two classes, one where a former conviction was shown to have been discussed and considered by the jury, and another where it was merely mentioned but not discussed. With this distinction in mind we are not impressed that the action of the trial court was erroneous in declining to grant a new trial upon the grounds here considered.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

A very logical and exhaustive motion for rehearing is predicated on the proposition that this court has erroneously concluded that the trial judge was within his discretion in overruling appellant's motion for a new trial, principally because of the alleged misconduct of the jury in that some member made a remark, the exact language of which was not given, to the effect that appellant had been previously convicted and given a sentence of two years.

Similar questions have come before this court frequently and have been written on at great length under varying statements of fact, indicating the troublesome nature of them. The instant case is one of the very difficult ones and the particular

question caused the members of this court unusual concern on original submission. The motion filed with the discussion of authorities has demanded a full reconsideration of that same question. This we have done and find ourselves unable to reach a different conclusion and probably as helpless to make our position more clear than the original opinion has done.

This court is always eager to correct any mistake which is made in our understanding of the facts or to set aside any erroneous pronouncement of law which may, at any time, be revealed. A brief on a question presented in the manner of the one now before us is always welcomed and we undertake to make it helpful. We cannot refrain from expressing an appreciation for the earnestness which appears to be the impelling force producing it.

Our difficulty has been in attributing the injury from the language to the extent that appellant's counsel has been impressed. We have no difficulty in agreeing with the propositions of law stated in the many quoted authorities under the statement of fact from which each comes. Particularly do we call attention to the reason and the rule quoted and restated in Cooper v. State, 145 S. W. (2d) 875. We wish to re-affirm the conclusions in that opinion as correct and applicable to the case at bar. It is rather tempting to discuss each case presented in the light of our understanding of them but it is feared that to do so might be more confusing than helpful. The most recent case before this court, Matterson v. State, 160 S. W. (2d) 960, is quoted from freely in the motion. We call attention to the basis upon which that case is distinguishable from the facts brought forward in the record now before us, and that basis has been overlooked. We quote from it, as follows: "However, before they reached a verdict some of the members of the jury stated that she had been given thirty-five years in the penitentiary on the previous trial of this case; that this matter was discussed in the presence and hearing of the entire jury; that several members of the jury commented thereon. This motion was not controverted by the State."

It is also stated in the opinion that before this discussion of a previous trial and verdict were had, some of the jurors wanted to assess the punishment at two years and others, five years. Instead, all of them following the discussion, agreed on eight years. Thus the harmful effect was apparent and the conclusion quoted in the motion for rehearing was logically reached under that statement of fact. Not only was the fact of a thirty-five

year penalty calculated to be harmful but the result showed positively that it was. The jury did the unusual thing of fixing a higher penalty than anyone had contended for. The circumstances of the instant case wherein a great majority wanted to give appellant two years and two or three favored a shorter term, the length of which is not given, is merely an example of a common occurrence. Neither would the fact of a two-year sentence be so impressive as thirty-five years. Thus it is seen that each case has its characteristics.

We do not believe that a further discussion of Lera v. State 165 S. W. (2d) 92 is called for under the facts of this case. The troublesome application of the rule to the facts of that case rarely recurs. While counsel insists upon a discussion of many cases which he conceives to be inconsistent, we are not in accord with the argument because no error committed in any particular case has had the effect of modifying the general rule forbidding the receipt by the jury of other evidence than that given under the rules of the court from the witness box.

Frequently it has been thought that the necessity for brevity in stating the facts has brought about a misunderstanding of a rule so tedious as the one under consideration. We have found no better general statement than that quoted from Judge Ramsey's opinion in Smith v. State, 52 Tex. Cr. Rep. 344, 106 S. W. 1161, and from it we quote (page 1165) as follows: "The question has been before this court in many cases, and each case seems to have been disposed of somewhat in accordance with the particular facts. We think the true rule is that where, as in this case, the testimony supports the verdict, and the charge of the court properly submits the case to the jury, that a verdict ought not to be set aside for every incidental and casual mention of a former trial or a former conviction, and that in no case should it be set aside in a case tried according to law where the conviction is supported by the testimony, unless the court may fairly and reasonably see in the light of all the circumstances that such reference and discussion did or might have prejudiced the appellant's case. It is possible that there is some language in some of the decisions not wholly in accord with the views here expressed, but, on full consideration, this is believed to be the correct rule, and tested by this rule we believe appellant is without just ground of complaint."

All of the cases from which appellant has quoted would in all probability be better understood if the entire facts before the court in each case were available. We have no doubt of the cor-

rectness of the conclusion in the original opinion in this case nor of the pronouncements of law therein found.

The motion for rehearing is overruled.