WILLIE WORLDS v. THE STATE.

No. 22631. Delivered January 12, 1944.

The opinion states the case.

*C. H. Slaton, Wm. Yelderman,* and *Ayres K. Ross,* all of Austin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for murder; punishment assessed at death.

The indictment charges that appellant, on February 14, 1943, with malice aforethought, killed Helen Jefferson by shooting her with a gun. In a subsequent paragraph of the indictment, it is appropriately averred that on July 2, 1935, in the District Court of Travis County, Texas, appellant had been convicted of murder, same being an offense for which the penalty of death was affixed as an alternate punishment. The averment of the former conviction brought the case under the terms of Article 64, P. C., which reads as follows:

"A person convicted a second time of any offense to which the penalty of death is affixed as an alternate punishment shall not receive on such second conviction a less punishment than imprisonment for life in the penitentiary."

The evidence shows that deceased was killed about three o'clock on the morning of February 14, 1943, at the home of Mary Lee Harold. Earlier in the night deceased had been at a place operated by Tom Plummer. Appellant and many other colored people were also there. Appellant became involved in a fight with a man named Teddy Blair, claiming that Blair had money which appellant asserted had been stolen from him. Deceased and Mary Miller (the latter being the daughter of Mary Lee Harold) left Plummer's about the same time and went to the Harold home. Shortly after they arrived appellant came in with a pistol in his hand and ordered all the parties out of the room where the deceased was. She was standing by the Victrola at the time appellant fired the first shot. She then got behind the Victrola where she was standing when the second shot was fired. She then fell to the floor where she was lying when appellant shot her the third time. The immediate facts of the killing were detailed by the witness Green who was in the room but was unable to get out when appellant ordered the room vacated. Appellant did not testify. His confession was introduced by the State. In it appellant claimed to have had his pocketbook taken from him while at Plummer's by some girl he did not know but was informed that it was the deceased, and said in his confession that he identified her as the one who got his pocketbook when he shot her. He said in his confession that he demanded of her his money and upon denial by her that she had it he shot her three times. The witness Green does not detail any conversation between appellant and the deceased. If appellant's pocketbook or any money was found on deceased after her death, the record is silent on the subject.

The statement of facts further shows that appellant was convicted of murder in 1935 with a penalty of ten years assessed and that he had only been out of the penitentiary about a year when the present killing occurred.

The record contains only two bills of exception. The first complains because appellant was denied a continuance, and the second presents an attack upon the indictment for alleged discrimination in the selection of the grand jury.

Regarding the first bill, we note the following facts from the bill itself, the qualification thereto and the evidence heard upon the submission of the motion for new trial: The indictment against appellant was returned into court on February 19, 1943, appellant at the time being in jail. On March 1 appellant was brought into court and his case set down for trial for March 29.

At the time the case was set—on, to-wit, March 1—appellant was asked by the court if he had counsel to represent him, and replied that he thought his relatives would employ counsel for him. He was then advised by the court that unless he obtained counsel within the next week or ten days it would be necessary for the court to appoint attorneys for him. On March 19 appellant was again brought into court and, upon ascertaining that appellant had not obtained counsel, the court appointed attorneys, C. H. Slator and William Yelderman, to represent appellant. Mr. Slator was in the courtroom at the time and was introduced to appellant. The court advised appellant that if he secured counsel they could assist those appointed by the court in order that they might be ready for trial on March 29. When the case was called for trial on that day, Mr. Ayres K. Ross appeared and advised the court that he had been employed by relatives of appellant on March 27 to represent him; that he (Ross) knew nothing about the case; had not had time to prepare for trial, and requested time to prepare an application for continuance, which request was granted by the court. Mr. Ross then prepared and presented the application for continuance, which set out his recent employment and lack of time to prepare for trial. The application further stated that appellant desired Duster Brown and Sammie Lee Gardner as witnesses, each of whom would testify that he saw Helen Jefferson, the deceased, take a billfold from appellant's pocket and put it in the front part of her slacks, and that such act on the part of deceased was the provocation for appellant's killing her. It was averred in the application that at the time of the killing Brown was a soldier in the United States Army and stationed at Camp Swift in Bastrop County, but that appellant did not know his whereabouts at the time of the trial. As to the witness, Sammie Lee Gardner, it was averred that appellant had no opportunity for learning the residence of said witness nor her present whereabouts because he had been in jail. There is also found in the application the following general averment:

"Defendant would further state to the court that he cannot safely go to trial at this time for the reason that he has witnesses who will testify that Defendant acted in defense of his own life in the slaying of the said Helen Jefferson, deceased, and he cannot give their names and addresses because he has not been able to contact said witnesses. That this testimony is material as it will prove that Defendant acted in self-defense and because he felt that his own life was in danger."

Before discussing the bill further, we note that two of the necessary requisites of an application for continuance are that

it must state: (a) that absent witnesses are not "absent by the procurement or consent of the defendant," and (b) that the application is not made for delay. See Article 543, Code of Criminal Procedure, Sections 4 and 5. The application contains neither of the averments mentioned. The bill might be disposed of without further notice because of the mentioned omissions from the application. It appears, however, that the court over-ruled the application for lack of diligence to secure the witnesses, and we consider it from that angle. The court heard evidence upon the request for continuance and ascertained that appellant had not told the attorneys appointed for him by the court anything about the witnesses named in the application. It was further ascertained that Mr. Ross had, on March 29, made application for process for two witnesses, who were served and were present at the trial, but did not request process for either Brown or Sammie Lee Gardner. The verdict was returned on March 30. The amended motion for new trial was not filed until April 23. No showing is made that any effort was put forth after the trial to contact the witnesses named in the application for continuance, nor is it made to appear that any witnesses had been found who might be embraced in the general averment heretofore adverted to. It seemed to be the disposition of Mr. Ross to sever his connection with the case unless he could secure the continuance. On the other hand, Messrs. Slator and Yelderman desired to be relieved of their appointment after Mr. Ross had been employed, but Mr. Ross desired the appointed attorneys to continue in the case. All three of the attorneys did participate in the trial and all made arguments. The court certifies that the attorneys appointed by him to represent appellant are capable and outstanding members of the Travis County Bar and that they exerted themselves fully in appellant's interest and that at no time did he suffer for lack of vigorous representation.

In view of the penalty assessed, we have given the question our serious consideration, but cannot bring ourselves to sustain appellant's contention that the court was in error in overruling the application for continuance.

We now advert to the second bill of exception. The grand jury which returned the indictment against appellant was impaneled in January, 1943. The killing for which appellant was indicted occurred on February 14, after the grand jury was impaneled. The indictment was returned on February 19. The case was called for trial on March 29. No motion was presented at that time to quash the indictment. In his motion for new trial appellant set up the fact that he was a negro and that in

the formation of the grand jury which indicted him he was discriminated against in that no negroes were on said grand jury. Appellant seeks to excuse himself for not raising this question at the time of his trial by motion to quash the indictment, stating in substance in his motion for new trial that he did not know at the time he was arraigned for trial that the grand jury had no negroes on it and had no means of such knowledge and therefore did not file a motion to quash the indictment. The reasons assigned will not excuse the failure to present the question by motion to quash the indictment. Attorneys had been appointed to represent appellant on March 19 and his relatives had employed an attorney for him on March 27. The organization of the grand jury and the men who composed it was a matter of record and the fact could have been ascertained by the most casual inquiry. Having failed to present the question at the first opportunity—which was at the time of trial—appellant will be held to have waived it. See Tyson v. State, 171 S. W. (2d) 496, and cases therein cited.

The point might be disposed of upon the ground hereinabove adverted to. However, we note that the trial judge heard evidence upon the motion and we discover not the slightest ground to support the adverment that the negro race was discriminated against in the selection of the grand jury which returned the indictment against appellant. It is true that it so happened no negro was on said particular grand jury, but this resulted from no intentional omission of a negro therefrom. It was shown that with few exceptions prior grand juries for a number of years had a member or members from the negro race, and the special venire drawn, from which to secure the jury to try appellant, had upon it eighteen negroes. Our conclusion is that the averment regarding discrimination against the negro race is not supported.

Finding no reversible error in the record, the judgment is affirmed.