CECIL LESLIE GRIFFITH V. STATE

No. 34,349. March 7, 1962

*Stewart & White,* by *Thomas D. White,* and *Hector Azios,* all of Houston, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., Frank B. Davis,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

The conviction is under Art. 535d, V.A.P.C. for the offense of fondling; the punishment, 3 years' confinement in the penitentiary.

In view of our disposition of the case a summary of the facts is unnecessary.

The first count of the indictment, which was the only count submitted to the jury, charged that appellant did "with lascivious intent intentionally place his hands and the fingers of his hands upon and against the sexual parts" of the female person named therein, then under the age of fourteen years.

The jury returned the following verdict which was received by the court:

"We, the Jury, find the defendant guilty of the offense of molesting and assess his punishment at confinement in the State penitentiary for a period of THREE years."

Upon such verdict, judgment was entered finding appellant "guilty of the offense of Unlawfully with lascivious intent, intentionally place his hands and the fingers of his hands upon and against the sexual parts of a female person under the age of fourteen years, a felony, as found by the jury".

Sentence was duly pronounced in accordance with the jury's verdict and judgment entered thereon by the court.

The verdict returned by the jury finding appellant guilty of the offense of "molesting" is clearly not responsive to the crime charged in the first count of the indictment. By their verdict, the jury did not find appellant guilty of the offense of fondling as charged in said first count. Such verdict, not being responsive to the crime charged and submitted to the jury was a nullity and could not support the judgment and sentence entered by the court. 42 Texas Jur., par. 364, page 465. Tarkenton v. State, 138 Texas Cr. Rep. 292, 135 S.W. 2d 716 and Tyson v. State, 142 Texas Cr. Rep. 461, 154 S.W. 2d 477.

For the want of a valid verdict, the judgment is reversed and the cause remanded.