[No. 20806.  In Bank. — September 7, 1891.]

## THE PEOPLE, RESPONDENT, *v.* FLEM PARKER, APPELLANT.

CRIMINAL LAW — PLEADING — INFORMATION — MOTION TO SET ASIDE — COMMITMENT BY MAGISTRATE. — An information should be set aside where the offense is found neither in the commitment nor depositions.

ID. — AUTHORITY OF DISTRICT ATTORNEY. — The district attorney may file an information based either upon the offense set out in the commitment or upon the facts disclosed by the depositions; but that is the limit of his authority.

ID. — BURGLARY — OWNERSHIP OF PROPERTY ENTERED — VARIANCE OF INFORMATION FROM COMMITMENT AND DEPOSITIONS. — While it may not in all cases be necessary, in charging the offense of burglary, to allege the ownership of the property entered, yet such allegation is necessary where it constitutes the entire and only description of the property entered; and if such description in the information is wholly different from that contained in the complaint and depositions, the information should be set aside.

APPEAL from a judgment of the Superior Court of Tulare County.

The facts are stated in the opinion of the court.

*J. S. Clack*, and *Charles G. Lamberson*, for Appellant.

The defendant could only be charged with an offense disclosed by the depositions. (Pen. Code, secs. 809, 995; *People* v. *Thompson*, 84 Cal. 598; *Ex parte Sternes*, 82 Cal. 245.) There was a material variance between the allegations of the information and the' proofs, for which the judgment should be reversed. (Bishop's Criminal Procedure, secs. 94, 137; Wharton's Criminal Pleading and Practice, sec. 116; Wharton's Criminal Evidence, sec. 94; *People* v. *McNealy*, 17 Cal. 332; *People* v. *Bitancourt*, 74 Cal. 188; *People* v. *Henry*, 77 Cal. 445; *People* v. *Rogers*, 81 Cal. 209.)

*Attorney-General Hart*, and *Deputy Attorney-General Layson*, for Respondent.

Defendant was examined and committed by a magistrate, as provided by article I., section 8, constitution. (*People* v. *Wheeler*, 65 Cal. 77; *People* v. *Vierra*, 67 Cal. 234.) Defendant was "legally committed," according to the provisions of part 2, title 3, chapter 7, Penal Code. (*Ex parte Baker*, 88 Cal. 84.) The district attorney is not confined to filing an information for the offense designated by the magistrate. (*People* v. *Lee Ah Chuck*, 66 Cal. 662; *People* v. *Giancoli*, 74 Cal. 646.) The ownership of the barn was not a necessary allegation. (*State* v. *Wright*, 24 Pac. Rep. 229 (Or.); *Anderson* v. *State*, 48 Ala. 667; 17 Am. Rep. 36; *Butler* v. *State*, 22 Ala. 43.) The crime was alleged to have been committed in the jurisdiction of the court, and the defendant cannot complain of want of more specific statement. (*People* v. *Wooley*, 44 Cal. 494; Pen. Code, sec. 959, subd. 4; *United States* v. *Howard*, 3 Sum. 17, 18; 2 Russell on Crimes, 716, 717.)

GAROUTTE, J.— An information was filed charging the defendant with the crime of burglary.

Before pleading, he moved to set aside the information upon the ground "that he had not been legally com-

mitted by a magistrate." Upon the hearing of the motion it was shown that G. W. Ditman filed a sworn complaint before a magistrate, alleging "that one Flem Parker, on or about the 20th of November, 1890, and before the filing of this complaint, at the county of Tulare, state of California, did willfully and unlawfully enter a barn with intent to commit larceny, said barn being located on the Simmons ranch, in said Kaweah township," etc. There was no other depositions in the case, and upon the complaint was indorsed the following commitment: "It appearing to me that the offense in the within deposition mentioned has been committed, and that there is sufficient cause to believe the within-named Flem Parker guilty thereof," etc. The information charges that "the said Flem Parker, on or about the twentieth day of November, 1890, and before the filing of this information, at the county and state aforesaid, did willfully, unlawfully, and feloniously enter a certain barn, the property of one G. W. Ditman, with intent then and there and therein to commit the crime of larceny." The motion to set aside the information should have been granted, for the foregoing record discloses that the defendant was never committed by a magistrate for the offense charged in the information. Under the law as declared in *People* v. *Lee Ah Chuck*, 66 Cal. 663, and *People* v. *Vierra*, 67 Cal. 231, the district attorney is allowed to file an information based either upon the offense set out in the commitment or upon the facts disclosed by the depositions, and that is the limit of his authority. This information is based neither upon the commitment nor the facts set out in the complaint or deposition. It alleges that the defendant entered a certain barn, the property of one G. W. Ditman, with the intent, etc. The record is entirely silent as to any such state of facts, and the district attorney, in framing his information, is bound by the record.

It is insisted that the allegation of ownership of the

barn in G. W. Ditman is immaterial, and therefore harmless.   While in charging the offense of burglary it may not be necessary in all cases to allege ownership of the property entered, yet in this case it was a necessary allegation, for it constituted the entire and only description of the barn which the defendant is charged with feloniously entering.

Let the judgment be reversed, and the cause remanded, with directions that the information be set aside.

DE HAVEN, J., SHARPSTEIN, J., McFARLAND, J., HARRISON, J., and BEATTY, C. J., concurred.

PATERSON, J., concurring.— If the question were an open one, I should say that an information could not be sustained unless it charged the offense charged in the complaint, and for which he was examined and committed by the magistrate.   Such, appears to me, is the view of the supreme court of the United States in *Hurtado* v. *California,* 110 U. S. 516.   Our own cases, however, hold that the district attorney may prosecute for any offense shown by the depositions taken on the preliminary examination.   I therefore concur.