[Crim. No. 2092. Third Dist. May 16, 1949.]

THE PEOPLE, Respondent, v. JACK CHAPMAN, Appellant.

Richard O. Graw for Appellant.

Fred N. Howser, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

ADAMS, P. J.—Defendant Jack Chapman and his 17-year-old son-in-law, Donald Larios, were charged, in an information filed in Tuolumne County, with three felonies, to wit: robbery while armed with a deadly weapon, assault with a deadly weapon, and assault by means of force likely to produce great bodily harm. During the course of the trial, and before the defendants had gone into their defense, the district attorney applied for a discharge of defendant Larios that he might be a witness for the prosecution. The application was granted, the trial proceeded against Chapman alone, and resulted in a verdict of guilty of the first and third charges, and of not guilty of the second.

On this appeal from the judgment which followed, Chapman asserts that his conviction was unfairly obtained in violation of the Fourteenth Amendment of the Constitution of the United States; that the dismissal of defendant Larios was made in violation of section 1099 of the Penal Code, and in violation of due process of law, and that the district attorney violated his duties under section 1099, *supra*.

Appellant states that his main contention is that his conviction "was obtained under circumstances involving 'a failure to observe that fundamental fairness essential to the very concept of justice' . . . which cannot be denied a defendant in a criminal case without violating his right to due process." This contention is based upon an assumption that the jury was aware of the fact that Chapman had suffered two prior convictions. The record shows that two such priors were charged in the information, and that Chapman, on arraignment, admitted them. It is not contended that the charge of the previous convictions was read to the jury or alluded to on the trial (Pen. Code, § 1025); but appellant in his brief urges that the district attorney, before the trial, gave information to the "Stockton Record" that defendant had suffered such prior convictions, which statement was published in that newspaper about 10 days prior to the trial, and that during the deliberations of the jury they received information from one of their members that defendant had suffered such prior convictions, and that for those reasons the defendant was denied due process of law.

In his brief appellant sets forth what purports to be the article in the Stockton Record, which contains the statement: "According to District Attorney, Ted Vilas, Chapman has two prior convictions." Accordingly, appellant, on his motion for a new trial, charged the district attorney with misconduct

in giving out such information which, he claims, must have been so generally known by the public as to create a prejudice against appellant and to render the securing of an impartial jury impossible.

A complete answer to this argument of appellant, as far as this court is concerned, is that the aforesaid article does not appear anywhere in the record before us, nor is there any evidence that the district attorney gave any such information to the Stockton Record or to anyone else. The information contained an allegation concerning such priors; it was a public record accessible to all, including newspaper reporters. And, we might add, there is nothing in section 1025 of the Penal Code which prohibits disclosure of a defendant's previous convictions, except, as stated therein, that such an allegation in an information or indictment, when admitted by a defendant, "must not be read to the jury, nor alluded to on the trial." It was not so read or alluded to on the trial.

Appellant, in his brief, says that "a district attorney violates a fundamental procedural right of the defendant if he disseminates such information by giving it to a newspaper reporter and permits the reporter to publish the information as being obtained from the prosecuting attorney." But there is nothing in this record to show that the district attorney did disseminate such information; and obviously it was not within his province to prohibit a reporter from publishing it "as being obtained from the prosecuting attorney," or at all.

■ Appellant also contends that he was denied a fair trial because the jurors, during their deliberations, were advised by one of them that defendant had suffered prior convictions. This point was raised on defendant's motion for a new trial, in an affidavit made by his attorney, Ross A. Carkeet, in which it was averred that affiant had been informed by several members of the jury that at least one member of the jury mentioned on more than one occasion during the deliberations that defendant was "an ex-convict" or "a two-time loser" or "had served time," or words to that effect; and affiant alleged that at least one member of said jury based his verdict of guilty upon evidence not before the jury, to wit: that he took into consideration prior convictions of felony when the same were not properly before the jury; that he had requested affidavits from said jurors, but each had refused to sign same, but had stated that he or she would so testify if called into court and questioned by the court as to such statement by one of the jurors. On this showing the failure of the trial court

to call the jurors before him for examination as to what occurred in the jury room, and its refusal to grant a new trial, are urged as reversible error.

In view of the well-established rule in this state that affidavits, testimony, and depositions of jurors are inadmissible to impeach their own verdict except in the case of verdicts reached by chance, we find no error in this connection. (See *People* v. *Reid,* 195 Cal. 249, 261 [232 P. 457, 36 A.L.R. 1435] ; *Maffeo* v. *Holmes,* 47 Cal.App.2d 292, 295 [117 P.2d 948] ; *De Garmo* v. *Luther T. Mayo, Inc.,* 4 Cal.App.2d 604, 607 [41 P.2d 366] ; *People* v. *Fong Sing,* 38 Cal.App. 253, 264-265 [175 P. 911] ; *People* v. *Feld,* 149 Cal. 464, 478 [86 P. 1100] ; *People* v. *Odza,* 134 Cal.App. 290, 292 [25 P.2d 264] ; *Kent* v. *Los Angeles Ry. Corp.,* 29 Cal.App.2d 435, 437-438 [84 P.2d 1057] ; 20 Cal. Jur. § 41, p. 61 ; *Tyson* v. *State,* 146 Tex.Crim. 128 [171 S.W.2d 496] ; *Glass* v. *State,* 143 Tex.Crim. 88 [157 S.W.2d 399].)

Appellant argues that defendant's election not to take the stand in his defense was due to his fear that if he did so it would be brought out on cross-examination that he had suffered prior convictions, and that, after he made such an election, it was unfair to him that the jury should have been made aware of that fact. Defendant, of course, had the right to refrain from testifying in his own behalf, on constitutional grounds; but this court cannot know what impelled him to remain silent. Plainly section 1025, *supra,* goes no further than its language implies, and does not guarantee a defendant against knowledge by the jurors of prior convictions; nor does it follow that jurors, even with such knowledge, could not, or did not in this case, give defendant a fair trial. He was given full latitude on *voir dire,* to question all of the jurors, and they were accepted by him; and we cannot say that they stultified themselves, and found defendant guilty, merely because they may have been told of rumors that he had been previously convicted. The testimony was ample to sustain the verdict.

Appellant's second ground for reversal is based upon the dismissal of the defendant Larios, it being asserted that the district attorney's request for such dismissal was misconduct, and the court's granting of the motion was error, which denied defendant due process of law. There is no merit in this contention. The code section, 1099 *supra,* especially authorizes what was done; and such action has been approved in numerous decisions. (See *People* v. *Frahm,* 107 Cal.App. 253, 262 [290 P. 678] ; *People* v. *Dillon,* 68 Cal.App. 457, 474

[229 P. 974] ; *People* v. *Bocchio,* 80 Cal.App. 138, 141 [251 P. 672].)

The judgment is affirmed.

Peek, J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 13, 1949.