[Crim. No. 2192. Third Dist. Mar. 27, 1950.]

THE PEOPLE, Respondent, v. JACK CHAPMAN, Appellant.

Jack Chapman, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

ADAMS, P. J.—Appellant Chapman was convicted by a jury in the Superior Court of Tuolumne County on two counts, robbery while armed with a deadly weapon, and assault by means of force likely to produce great bodily harm. He appealed from the judgment and same was affirmed by this court. (*People* v. *Chapman*, 91 Cal.App.2d 854 [206 P.2d 4].) A hearing was denied by the Supreme Court.

In September, 1949, Chapman filed in the Superior Court of Tuolumne County what he designated as a motion to annul, vacate and set aside the aforesaid judgment "and/or petition for writ of coram nobis or writ of error," alleging, as grounds therefor: (1) that his prosecution on the two counts had placed him in double jeopardy; (2) that the testimony of Donald Larios, his codefendant, charges against whom had been dismissed during the trial so he could testify against Chapman, was inadmissible for the reason that he had been promised immunity in return for said testimony; (3) that the trial court committed error in allowing the jury to separate during the trial; (4) that it was prejudicial misconduct to assign as bailiffs in charge of the jury two officers who had taken part in the investigation of the crime; (5) that defendant was denied the right to trial by an impartial jury when he was prosecuted by a district attorney who practices civil law in addition to his duties as district attorney; (6) that the trial was not conducted according to law or due process in that defendant was not personally present during the entire trial proceedings; (7) that the district attorney was guilty of prejudicial misconduct in commenting, during his argument to the jury, on the failure of defendant to testify in his own behalf; (8) that the district attorney was further guilty of prejudicial misconduct in charging the jury as to matters of fact; (9) that the verdict and judgment are void for uncertainty; and (10) that the verdict is contrary to the evidence. In a supplement to the motion, which he filed October 26, 1949, it was

alleged that the court erred in giving a certain instruction; and in an additional supplement filed November 14, 1949, he set up: (11) that one member of the jury voted not guilty, though he admits that the jury was polled, and that the verdict should have been failure to agree; (12) that the court erred in refusing to inquire into whether or not the jury received evidence out of court; and (13) that the testimony of Audrey Larios (defendant's daughter) was inadmissible under section 1322 of the Penal Code.

The trial court, on November 18, 1949, denied defendant's petition and an appeal was taken. After the filing of the record here respondent served and filed a notice of motion to dismiss the appeal, on the ground that it is irregular, frivolous, sham and without merit; and the matter is before us on that motion.

We think that the trial court properly denied the petition, and that the appeal should be dismissed upon the grounds stated in respondent's motion. The Supreme Court, in several recent decisions, has definitely adjudicated that the scope of review on such a petition is limited; that its purpose is to secure relief from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it, and which, through no negligence or fault of defendant, was not then known to the court; and that an applicant for the writ must show that the facts upon which he relies were not known to him, and could not, in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ. (*People* v. *Adamson,* 34 Cal.2d 320, 326-327 [210 P.2d 13], and cases there cited.) Such a writ may not be availed of to review alleged errors that were either considered on a prior appeal, or, though not raised on such appeal, could have been so raised. Such errors are not even reviewable in a habeas corpus proceeding. See *In re Connor,* 16 Cal.2d 701, 705 [108 P.2d 10], in which the court said that in this state a defendant is not permitted to try out his contentions piecemeal by successive proceedings attacking the validity of the judgment against him. In *In re Lindley,* 29 Cal.2d 709, 726 [177 P.2d 918], in referring to the restricted scope of the writ of *coram nobis,* the court adopted the view that all matters reviewable by appeal or upon motion for a new trial must be so presented, and cannot be made the grounds of an application for the writ of *coram nobis.*

It is obvious that the alleged grounds upon which petitioner

depends in his application for the writ are outside the scope of the writ. They refer to facts that were known to petitioner during the trial as they pertain to alleged errors committed during such trial, and they were available to defendant for presentation to the trial court on motion for a new trial, and to this court on defendant's appeal. Appellant here does not deny this, but asserts that he did not, at such times, know the law. However, he was represented by counsel of his own choice, both at the trial and on his appeal; and that he, himself, has since acquired what he may refer to as subsequent knowledge of the law does not permit him to try out his contentions piecemeal, nor authorize a review of the alleged errors in *coram nobis* proceedings. Furthermore, as the court said in *People* v. *Adamson, supra,* at page 330, this court has a right, as had the trial court, after the judgment has become final, to scrutinize appellant's claims with a critical eye, in the light of our familiarity with the facts of the crime as they appear in the record on appeal which we reviewed; and we are not bound, nor was the trial court, to accept at face value the allegations of the petition for the writ, especially since strong presumptions of regularity favor the judgment against petitioner.

The motion to dismiss this appeal is granted and the appeal is dismissed.

Peek, J., and Van Dyke, J., concurred.