[Crim. No. 2199.   Third Dist.   June 20, 1950.]

THE PEOPLE, Respondent, v. ROBERT G. SCHUMAN, Appellant.

Robert G. Schuman, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

ADAMS, P. J.—This is an appeal from a judgment of the Superior Court of Sacramento County, which denied to Schuman the issuance of a writ of error *coram nobis* sought therefrom. The People have filed herein a motion to dismiss said appeal on the ground that the record relied upon shows no grounds for the issuance of a writ of error *coram nobis*, and that such appeal is without merit.

Schuman was convicted in the Superior Court of Sacramento County in 1942. He appealed from the judgment of conviction and same was affirmed by this court May 18, 1944. (*People* v. *Schuman*, 64 Cal.App.2d 382 [148 P.2d 875].) On that appeal Schuman was represented by two attorneys. Since that time appellant has filed four petitions for writs of habeas corpus in this court, similar petitions in the Superior Court of Sacramento County, the United States District Court, and the United States Court of Appeals; also petitions for hearing by the Supreme Court of this state, and various other petitions, all of which have been denied. In one or another of those proceedings most, if not all, of the 18 alleged errors relied upon in the case now before us have been presented. All pertain to the original trial and were or could have been presented for review on the appeal from the original judgment, or could have been raised on motion for a new trial. No one of them is, therefore, reviewable on this proceeding.

It is now well established, by decisions of the Supreme Court of California, that in this state the writ of error *coram nobis* may not be resorted to for relief from alleged errors otherwise reviewable. Its purpose is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it, and which, through no negligence or fault of defendant, was not then known to the court. That remedy is one of narrow scope, and the limitation of matters thereby reviewable has been settled by several recent decisions of our appellate courts. (*People* v. *Adamson*, 34 Cal.2d 320, 326-327 [210 P.2d 13] ; *People* v. *Shorts*, 32 Cal.2d 502, 513 [197 P.2d 330] ; *People* v. *Tuthill*, 32 Cal.2d 819 [198 P.2d 505] ; *People* v. *Malone*, 96 Cal.App.2d 270 [215 P.2d 109] ; *People* v. *Chapman*, 96 Cal.App.2d 668 [216 P.2d 112].)

The alleged errors upon which petitioner relies in his petition for writ of error *coram nobis* were obviously known to him during the trial, since all pertain to the trial itself. They

were available to defendant for presentation to the trial court for consideration on a motion for a new trial and to this court on appeal. They do not come within the scope of review on the writ asked for in this proceeding. We therefore hold that it was not error to deny the writ in the lower court, and that the motion to dismiss this appeal should be granted.

The appeal is dismissed.

Peek, J., and Van Dyke, J., concurred.

A petition for a rehearing was denied July 5, 1950, and appellant's petition for a hearing by the Supreme Court was denied July 13, 1950.