[Crim. No. 2201.    Third Dist.    Sept. 16, 1950.]

THE PEOPLE, Respondent, v. MARIAN DELL CHAPMAN, Appellant.

Marian Chapman for Appellant.

Fred N. Howser, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

ADAMS, P. J.—This is an appeal from an order of the Superior Court of Stanislaus County, denying to this appellant the issuance of a writ of error *coram nobis*.

In the petition there filed it was set forth that on or about June 14, 1948, petitioner was charged with burglary, that she entered a plea of guilty, and on July 7, 1948, was sentenced to the California Institution for Women. Petitioner then alleged that her plea of guilty was induced solely by reason of threats, coercion, wrongful persuasion, duress and intimidation of her husband, Jack Chapman; that she did not, in fact, commit the offense charged in the information but entered her plea of guilty at the request and command of her said husband, and in an effort to prevent his being prosecuted, and that had she not been so acting she would have had a trial by jury and been acquitted.

A hearing on said petition was had at which testimony was taken, petitioner being represented by counsel. She testified that shortly after her arrest and while she was, for about one hour, detained in the county jail at Sonora, her husband occupied an adjoining cell, and that they conversed out the windows of their respective cells; that her husband then advised her to plead guilty as that would make it easier for him; that he assured her that she would receive probation; that she was afraid of her husband (though he was then serving a term in the penitentiary), and also that she was under the impression when she pleaded guilty that she was only admitting that she had been in her husband's car during his commission of the burglary. She also urged that in return for her guilty plea she had been promised probation by the

county sheriff. This was not alleged in her petition on file, and was denied by the official mentioned.

Regarding petitioner's fear of her husband she admitted that they had been married for about 20 years, and that during their marriage he had been convicted of several crimes. The date of petitioner's conversation with her husband was May 18th, and she said that she *then* decided to plead guilty. She was then taken to Modesto and jailed there. Her plea of guilty was entered June 14th, at which time she was represented by counsel; and in the interim her husband had been taken to San Quentin so she did not see him again. She petitioned for probation which was denied, and she was sentenced July 7, 1948. No appeal was taken from the judgment.

This proceeding was filed October 10, 1949.

During the hearing petitioner sought to show that she was not guilty of the crime charged, but the trial court held that the issue of her guilt or innocence could not be tried in this proceeding. In that respect its ruling was correct. (*People* v. *Shorts*, 32 Cal.2d 502, 513 [197 P.2d 330] ; *People* v. *Adamson*, 34 Cal.2d 320, 326-327, 328 [210 P.2d 13]; *People* v. *Tuthill*, 32 Cal.2d 819, 821-822 [198 P.2d 505]; *People* v. *Schuman*, 98 Cal.App.2d 140 [219 P.2d 36] ; *People* v. *Malone*, 96 Cal.App.2d 270 [215 P.2d 109] ; *People* v. *Chapman*, 96 Cal.App.2d 668 [216 P.2d 112]; *People* v. *Coates*, 95 Cal.App.2d 78 [212 P.2d 263]; *In re Rogers*, 91 Cal.App.2d 394 [205 P.2d 667].)

As for the issue of whether her plea of guilty was induced by threats, coercion or intimidation by her husband or by promises of leniency by responsible officials, assuming but not deciding that such issue was properly triable in this proceeding, the evidence adduced presented to the trial court for its determination issues of fact, alone, which it resolved against her; and the only question for this court is whether its conclusion is supported by the evidence. We are satisfied that it is, and that there was no abuse of discretion in denying the application for the writ. (*People* v. *Tidwell*, 75 Cal.App.2d 476 [171 P.2d 565].)

The report of the probation officer, which is made a part of the record here, recited that for several years Jack Chapman had been in and out of several penitentiaries; that on several occasions petitioner had accompanied her husband and other codefendants while burglaries were committed by them; that she used articles which had been stolen from various parties, and that a large amount of loot was located in the

hotel which was operated by petitioner and her husband. Also a letter which she wrote to a friend while she was in jail showed that she put the blame for her husband's conviction upon her young daughter, and stated that if released she intended to use her efforts to assist her husband and avenge herself upon her daughter. Also she admitted to the sheriff that she had been with her husband and one Nelson when they committed several burglaries and carried off stolen goods, such as a sewing machine, clothing, a vacuum cleaner, a radio and costume jewelry. She was also in possession of a watch stolen by her husband; and at the time this petition was filed she had already stood trial in Alameda County for burglaries there, at which time Chapman was convicted and the jury disagreed as to her (*People* v. *Chapman*, 93 Cal.App.2d 365 [209 P.2d 121]). And her husband had also been convicted of an offense in Tuolumne County, at the commission of which she testified she was present in his car with him (*People* v. *Chapman*, 91 Cal.App.2d 854 [206 P.2d 4]).

Far from indicating that petitioner was afraid of her husband, the record indicates that she was a willing participant in his various crimes.

The order is affirmed.

Peek, J., and Van Dyke, J., concurred.