[Crim. No. 4595.  Second Dist., Div. Two.  Feb. 15, 1951.]

THE PEOPLE, Respondent, v. FRANK C. DUNLOP et al.,
Appellants.

Frank C. Dunlop, Bud Lilly and William J. Finley, in pro. per., for Appellants.

Fred N. Howser, Attorney General, and Howard S. Goldin, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellants were convicted of robbery in May, 1946. The remittitur from this court was filed in the court below in May, 1947. In September, 1950, acting in propriis personis they filed their petition for a writ of error *coram nobis* or for writ of habeas corpus as an alternative remedy on the ground that they had been deprived of their

liberty without due process of law. The court below denied their petition for good reasons as will presently appear.

They argue that the proceedings had upon the information accusing them were void in that no order was made authorizing an amendment to the pleading. There is not the faintest proof that any pleading other than the original information was filed. In truth, there is no showing of an error of any kind committed on the trial or of any concealment of a fact relevant to the issues under investigation or of the failure of the prosecutor or the court to protect such rights as appellants had under the Constitutions and laws. ■ He who assigns prejudicial error of the trial court must affirmatively establish such error in order to gain any advantage therefrom. (*People* v. *Russell,* 156 Cal. 450, 458 [105 P. 416].) Statements in appellants' petition or in their brief will not be considered as proof of their contentions. Only the record will be scrutinized. (*El Rio Oils* v. *Pacific Coast Asphalt Co.,* 95 Cal.App.2d 186, 190 [213 P.2d 1].)

Appellants declared in their application for the writ that no information was filed accusing them of being "habitual criminals," under section 644 of the Penal Code. ■ That section was not designed to create a new type of crime or any crime. (*In re McVickers,* 29 Cal.2d 264, 271 [176 P.2d 40].) The only offense of which they were accused was that alleged and for which they were tried. The punishment meted out to them was for the robbery of which they were convicted. The prior convictions had given them a new status by reason whereof; upon conviction for a subsequent felony, the penalty for the latter was increased. (*Ibid.*) While the establishment of their habitual criminality will deprive them of an early parole, it does not constitute a conviction for a separate offense. That prior convictions are not elements of a separate offense or of that alleged in the accusation is settled law. (*Ibid.*) They merely aggravate the position of one accused of the primary offense in that he is by reason of his former imprisonment placed in the classification of those who may never be reformed. ■ Such classifying does no violence to any privilege guaranteed by either the state or the federal Constitution. (*People* v. *Richardson,* 74 Cal.App.2d 528, 542 [169 P.2d 44].) Appellants knew from the allegations of prior felonies that the terms of their imprisonment on conviction would be longer.

Section 644, *supra,* does not place an accused person with prior convictions in jeopardy by reason of such former con-

viction; neither is it an *ex post facto* law. (*People* v. *Rosencrantz,* 95 Cal.App. 92, 95 [272 P. 786]; *In re Rogers,* 20 Cal.App.2d 397, 402 [66 P.2d 1237]; *In re McVickers, supra.*) And it does not deny equal protection of the law vouchsafed by the Fourteenth Amendment. (*People* v. *Floth,* 8 Cal. App.2d 600, 602 [47 P.2d 817]; *People* v. *Israel,* 91 Cal.App. 2d 773, 785 [206 P.2d 62]; *People* v. *Maddox,* 75 Cal.App.2d 478, 479 [171 P.2d 561].)

Appellants contend that their prior convictions were prejudicially alleged against them because they had not been legally discharged after such prior convictions and "are still under sentence thereunder." Section 644 makes no requirement that one accused of a felony must either be in prison or have completed his term to constitute a "prior conviction." ■ To warrant a person's conviction as an habitual criminal under the statute besides the accusatory clause the indictment must allege that he has been previously twice convicted upon charges separately brought and tried, that he has served separate terms in a state or federal prison for any of the crimes listed. Such allegation and proof may be made even though the accused has been pardoned (*People* v. *Biggs,* 9 Cal.2d 508, 510 [71 P.2d 214, 116 A.L.R. 205]) or has committed the second crime while on parole (*In re Brady,* 5 Cal.2d 224, 225 [53 P.2d 945]) and it is not essential that the defendant must have served the full term of his sentence under the prior conviction. (*People* v. *Carkeek,* 35 Cal.App.2d 499, 501 [96 P.2d 132]; *Spivey* v. *McGilvray,* 29 Cal.App.2d 357, 360 [84 P.2d 256]; *People* v. *Martin,* 78 Cal.App.2d 340, 342 [177 P.2d 813].) ■ Not only were the prior convictions alleged but appellants severally pleaded the truth of such allegations and that was sufficient to support the judgments of habitual criminality on the part of each of them.

■ The writ of error *coram nobis* was properly denied appellants for the reason that all the alleged errors of the court which tried them for their crime and all other facts alleged in their petition were known to them at the time they made their motion for a new trial as well as at the time of their appeal (*People* v. *Dunlop,* 79 Cal.App.2d 207 [179 P.2d 658]) or could by the exercise of reasonable diligence have been discovered. For an appellant to be entitled to such writ he must show at least that he could not have discovered the facts he alleged at any time substantially earlier than the time of his motion for the writ. (*People* v. *Adamson,* 34

Cal.2d 320, 326 [210 P.2d 13].) Since its purpose is to secure relief where no other remedy exists it is incumbent upon a convicted person to take advantage of every remedy provided by law to defeat the hated sentence. If the judgments 'that appellants were habitual criminals were' not supported by evidence that fact was known when they presented their motions for new trials. Also, if they were denied the guaranties of the Fourteenth Amendment to the federal Constitution they might at least have mentioned such fact on their appeal. Such points having been ignored when they might have been made the theme for an appropriate argument on appeal cannot be reviewable by means of a writ of error *coram nobis*. (*People* v. *James*, 99 Cal.App.2d 476, 483 [222 P.2d 117]; *People* v. *Ellis*, 99 Cal.App.2d 188, 189 [221 P.2d 258]; *People* v. *Baker*, 92 Cal.App.2d 623, 625 [207 P.2d 58].) Moreover, appellants' petition makes no pretense of diligence or of excuse for their negligence in waiting for over three years to become infected with the virus of a zeal to escape the penalties for their sins by a remedy of limited scope. In the absence of such showing the court below was obliged to deny their petition for that writ. (*People* v. *Emery*, 99 Cal.App.2d 173, 174 [221 P.2d 223].)

Their petition for a writ of habeas corpus is equally as hopeless. ■ Appeal from a decision of a superior court on habeas corpus has not been authorized. (*Loustalot* v. *Superior Court*, 30 Cal.2d 905, 913 [186 P.2d 673]; *Matter of Zany*, 164 Cal. 724, 728 [130 P. 710].) ■ Also, appellants are residents of Sacramento County to whose superior court they as prisoners of the state must present their petitions for such writ. (Constitution, art. VI, § 5; *Matter of Hughes,* 159 Cal. 360, 364 [113 P. 684]; *Zeigler* v. *Superior Court*, 134 Cal. App. 88, 89 [24 P.2d 899].) ■ Not only was the court below without jurisdiction but the petition names no officer as holding them in confinement, legally or otherwise, and no showing is made that a copy of the application for the writ was served upon the district attorney of Sacramento. (Pen. Code, §§ 1474, 1475, 1477.)

Wanting in all the essentials of a valid petition for either of the writs requested, the denial thereof was correct. ■ Furthermore, the superior court had no jurisdiction to entertain appellants' petition since their appeal had been decided by this court which, consequently, had exclusive original jurisdiction of the petition. (Pen. Code, § 1265; amended Stats. 1949, ch. 1309, § 2.)

About one week prior to the hearing of the cause presented by petitioners for a writ of error *coram nobis* or for a writ of habeas corpus petitioners filed with the clerk of this court their petition for a writ of certiorari to be directed to the Superior Court of Los Angeles County commanding such court to certify to this court "the complete records, all in its entirety" and all proceedings of the case including notes, minutes, arguments by the district attorney for a review and determination by this court on the following grounds: (1) The proceedings are invalid under the Fourteenth Amendment to the federal Constitution in that the district attorney committed misconduct in filing an *ex parte* amended information and that petitioners were twice put in jeopardy for the same offense; (2) the superior court had no jurisdiction to pass upon the petition for writ of error *coram nobis* or for writ of habeas corpus as an alternative remedy; (3) the superior court misinterpreted the Fourteenth Amendment to the federal Constitution; (4) in the interest of uniformity of decision between this court, the Supreme Court and the United States Supreme Court; (5) the superior court has not decided the federal questions of substance not theretofore determined or has decided them in a way not in accord with applicable decisions of such courts; (6) by allowing the amended information the trial court "did abridge the privileges and immunities of the law clauses of your petitioners, as is guaranteed by the fourteenth amendment . . . and has 'disregarded' the authority of the state Supreme Court decision (*People* v. *Parker*, 91 Cal. 91 [27 P. 537]) and denied the authority of the United States Supreme Court, (*Hurtado* v. *California*, 110 U.S. 516 [4 S.Ct. 111, 292, 28 L.Ed. 232])"; (7) there is a conflict in decisions of the appellate courts and the state Supreme Court which the superior court has disregarded to the disadvantage of petitioners.

Such petition is not accompanied by points and authorities as provided by rule 56 of Rules on Appeal and is therefore not entitled to consideration by this court.

Moreover, certiorari is not an available remedy where the right of appeal exists or where the inferior tribunal had jurisdiction to enter the judgment complained of which, in fact, was entered and affirmed on appeal.

The judgment is affirmed. The petition for writ of certiorari is denied.

McComb, J., and Wilson, J., concurred.