[Crim. No. 2670. First Dist., Div. Two. Apr. 9, 1951.]

THE PEOPLE, Appellant, v. MALCOLM E. HOFFMAN et al., Respondents.

Edmund G. Brown, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Appellant.

Dannenbrink & Graves, Harold J. Abraham and James Martin MacInnis for Respondents.

NOURSE, P. J.—The State appeals from an order for issuance of a writ of error *coram nobis,* the writ having been issued pursuant to an order to show cause on an affidavit and petition for leave to withdraw the pleas of guilty on the assertion that the defendants had been induced to enter such pleas by the false promises and misrepresentations on the part of the trial judge that if they did so he would grant them leniency in the sentence, either by an order of confinement in the county jail or by the granting of probation. The application was heard before another trial judge who concluded that the defendants had been unfairly dealt with and granted the writ.

Three defendants were indicted and charged with the crimes of conspiracy and abortion. All three entered pleas of not guilty and went to trial before a jury. During the course of the trial at the request of their counsel they entered the judge's chambers, accompanied by the deputy district attorney in charge of the trial, particularly to urge leniency for the defendant Zoffel who was an elderly woman suffering from a paralytic stroke and who had had a prior conviction of a felony which debarred her from seeking probation. As a result of the conference the deputy district attorney agreed to amend the indictment as to defendant Zoffel to accept

a plea of a lesser offense and to dismiss the other charges against her. This was agreed to and the trial judge cautioned counsel for the other defendants that it had no relation to them.

■ As to the defendants Hoffman and Brandt the experienced and conscientious trial judge testified in this hearing that he cautioned counsel for these defendants as follows: " 'I don't want you men to feel that because we have been discussing this at all, that you men will get probation or that there will be any disposition.' I said, 'I don't know anything about these men,' and I said, 'I would have to consider it; I would have to see the reports when they come in. When it is all through, I might send them to San Quentin.' I said, 'I don't know what I will do with them,' but I said, 'I don't want you to leave here feeling that they are going to get probation.' " This statement was corroborated by the deputy district attorney and the counsel for both defendants, Brandt and Hoffman, and is not disputed in any material part. In truth and fact the whole case of defendants is that after their counsel had left the judge's chambers they informed defendants in the hall of justice vernacular that they had made a "deal" with the judge to get probation if they would enter their pleas of guilty, and that such pleas were made because of such representations. Judgments on these pleas were duly entered sentencing both defendants to the state penitentiary for the time prescribed by law. Thereupon they moved for permission to withdraw their pleas of guilty and to proceed to trial on a plea of not guilty. These motions were denied. No appeal was taken from the judgments nor from the order denying these motions. No motion for a new trial or abatement of the judgments was made. The only relief from their predicament sought by the defendants was this application for a writ of error *coram nobis*.

The writ was outside the jurisdiction of the trial court and the order must be reversed. ■ The rule is clearly stated in *People* v. *Adamson,* 34 Cal.2d 320, 326 [210 P.2d 13]. "In this state a motion to vacate a judgment in the nature of a petition for *coram nobis* is a remedy of narrow scope. (See *People* v. *Darcy* (1947), 79 Cal.App.2d 683, 693 [180 P.2d 752]; *People* v. *Martinez* (1948), 88 Cal. App.2d 767, 774 [199 P.2d 375].) Its purpose is to secure relief, where no other remedy exists, from a judgment

rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court. (*People* v. *Gilbert* (1944), 25 Cal.2d 422, 442 [154 P.2d 657]; *In re Lindley* (1947), 29 Cal.2d 709, 725-726 [177 P.2d 918]; *People* v. *Tuthill* (1948), 32 Cal.2d 819, 821 [198 P.2d 505].) ■ The applicant for the writ 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him *at any time substantially earlier than the time of his motion* for the writ; otherwise he has stated no ground for relief.' (*People* v. *Shorts* (1948), 32 Cal.2d 502, 513 [197 P.2d 330].)'' (Emphasis ours.)

In the recent case of *People* v. *Dunlop*, 102 Cal.App.2d 314, 318 [227 P.2d 281], the court said: ''Since its [writ of error *coram nobis*] purpose is to secure relief where no other remedy exists it is incumbent upon a convicted person to take advantage of every remedy provided by law to defeat the hated sentence. If the judgments that appellants were habitual criminals were not supported by evidence that fact was known when they presented their motions for new trials. Also, if they were denied the guaranties of the Fourteenth Amendment to the federal Constitution they might at least have mentioned such fact on their appeal. Such points having been ignored when they might have been made the theme for an appropriate argument on appeal cannot be reviewable by means of a writ of error *coram nobis*. (*People* v. *James*, 99 Cal.App.2d 476, 483 [222 P.2d 117]; *People* v. *Ellis*, 99 Cal.App.2d 188, 189 [221 P.2d 258]; *People* v. *Baker*, 92 Cal.App. 2d 623, 625 [207 P.2d 58].)''

The order is reversed with directions to enforce the judgments as entered.

Dooling, J., and Schottky, J. pro tem., concurred.

A petition for a rehearing was denied April 24, 1951, and respondents' petition for a hearing by the Supreme Court was denied May 7, 1951. Carter, J., and Schauer, J., voted for a hearing.