[Crim. No. 768.   Fourth Dist.   June 19, 1952.]

THE PEOPLE, Respondent, v. MURL M. CAMPBELL, Appellant.

Franklin B. Orfield for Appellant.

Edmund G. Brown, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant, on October 4, 1945, was charged in count one of an information with committing, on or about March 30, 1943, lewd and lascivious acts on the body of one Barbara Campbell (aged 12 years); in count two with statutory rape with the same person on or about May 13, 1945; in a third count with sexual intercourse on or about March 15, 1945, with one Virgene Lyons, aged 16 years; and in a fourth count with an act of sexual intercourse with her on May 15, 1945.

Defendant was represented by his counsel, entered a plea of not guilty, and after a jury verdict of guilty on all counts, the defendant was sentenced to state's prison, sentences to run consecutively. No motion for a new trial was made and no notice of appeal from the judgment was taken. On August 27, 1951, about six years later, plaintiff, in propria persona, filed a document in the Superior Court denominated "Petition for Writ of Error Coram Nobis," which writ was denied. Immediately thereafter, he again filed such a petition and "Addenda Thereto," in which it is generally charged that it was filed "for the purpose of exoneration and vindication from an erroneous conviction and sentence had in the above entitled court, by trick and device and extrinsic fraud by false testimony given in 'PROXY.'" Defendant now prosecutes this appeal from the order denying his petition. He claims on appeal that certain facts existed which, if known by the defendant and presented to the trial court, would have prevented the rendition of the judgment of guilty. In his statement of facts, which is an admixture of factual and argumentative material, the defendant quotes some of the claimed testimony produced at the trial by the prosecution. The record on appeal does not include the reporter's transcript of the trial proceedings.

To epitomize defendant's argument, it is based upon the alleged weakness, falsity, improbability and impossibility of the statements made by the two witnesses for the State, against whom the crimes were committed. Defendant also attempts to prove by affidavits from various persons that the crimes alleged to have been committed on certain days could not have been so committed because the two girls were either in school or church or that he was at work on those days. Nowhere does defendant allege that he was prevented by extrinsic causes from offering the newly discovered evidence contained in the affidavits. The newly discovered evidence was either known or should have been discovered by the defendant by the use of reasonable diligence. Suffice it to

say that defendant stood *in loco parentis* to Barbara, and because of such relationship he, more than anyone else, should have known at the time of trial of the alleged facts that he now claims he later discovered. He endeavors to account for the delay in instituting this proceeding on the claimed ground that he was unable to employ counsel, compelled to study law in the prison to "find a case in point similar to" his; that his spasmodic access to books and the securing of evidence to support his assignments of error and in obtaining the attention of the courts to act, were difficult tasks and caused the delay.

The cases are legion which announce the narrow scope or limitations of this writt. ■ The purpose of it is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it, and which through no negligence or fault of the defendant, was not then known to the court. (*People* v. *Schuman,* 98 Cal.App.2d 140 [219 P.2d 36]; *People* v. *Ingles,* 97 Cal. App.2d 867, 871 [218 P.2d 987]; *In re Sprague,* 37 Cal.2d 110 [230 P.2d 633]; *In re Lindley,* 29 Cal.2d 709 [177 P.2d 918]; *People* v. *James,* 99 Cal.App.2d 476 [222 P.2d 117]; *People* v. *Tuthill,* 32 Cal.2d 819 [198 P.2d 505].)

■ The attacks made by defendant in reference to the credibility of the prosecuting witnesses are answered by the same principle of law set forth in the cited cases. These grievances are matters commonly adjudicated on a motion for new trial, or on an appeal from an order denying a new trial, or from the judgment, and are not matters reviewable by writ of error *coram nobis.* (*People* v. *Knight,* 73 Cal. App.2d 532 [166 P.2d 899].) The trial court was justified in denying the issuance of the writ.

■ In some supporting affidavits presented with this petition on appeal, defendant claims that a duplicate commitment of him to the state's prison was issued by the superior court and that the Adult Authority, in certifying its action taken on June 19, 1950, to the Department of Corrections, in fixing the term of imprisonment, erroneously fixed the term of sentence. These are not matters that can be raised on a *coram nobis* proceeding. If there is merit to the claim an appropriate remedy exists which may be used at the proper time. (Pen. Code, § 1487; *In re Morck,* 180 Cal. 384 [181 P. 657]; 13 Cal.Jur. 243, § 22.)

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.