ELIN ROMÁN MORALES, Plaintiff and Appellant, v. WARDEN OF THE STATE PENITENTIARY OF PUERTO RICO, Defendant and Appellee.

No. 11366.   Argued December 1, 1954.—Decided October 28, 1955.

Elin Román Morales, pro se.   José Trías Monge, Attorney General, and Rafael L. Ydrach Yordán and Ramón Olivo Nieves, Fiscal and Special Fiscal, respectively, of the Supreme Court, for appellee.

MR. JUSTICE BELAVAL delivered the opinion of the Court,

The accused and appellant has appealed to us from an order of the Bayamón Part of the Superior Court of Puerto Rico dismissing the *coram nobis* proceeding filed in that court. The trial court adopted that order without holding a hearing.

Before examining the merits of the appeal we must examine the merits of the petition filed in the Bayamón Part. In his petition defendant-appellant alleged that the judgment should be vacated because (1) the foreman of the jury who rendered the verdict against the defendant and appellant lived in public concubinage with a sister of one of his victims, and therefore the verdict was not fair and impartial; (2) a witness of The People of Puerto Rico was presented by the prosecuting attorney as a continental who did not know any Spanish when he was actually a Puerto Rican who spoke Spanish perfectly, which fact might have impressed the mind of the jury although said witness testified falsely; (3) the evidence adduced by the prosecuting attorney showed, at most, a possible murder in the second degree.

The writ of *coram nobis* or *coram vobis* does not exist in Puerto Rico as an extraordinary proceeding statutorily recognized in our criminal law.   In order to take advantage of its salutary effects we have equated the effects of a motion to set aside a judgment rendered in a criminal cause, with the effects of the writ of *coram nobis* as known in the English Common Law or in a provision of the Judicial Code of the

United States (all-writs section) which provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," that is, to the general principles of Law: 28 U.S.C.A. 2, § 1651 (a). We have limited its use to those situations of fact which do not arise from the record and were unknown either by the parties or by the court at the time of the hearing of the cause, but that if known would have prevented judgment because they involved constitutional rights or fundamental questions which would have made impossible its pronouncement. This is its function in the English Common Law and in the federal practice: *People* v. *Nazario*, 53 P.R.R. 226, 229 (Del Toro) (1938); (investigation of insanity subsequent to the judgment); *People* v. *Méndez*, 67 P.R.R. 772, 781, (on reconsideration), (Snyder) (1947) (judgment obtained by fraud); *People* v. *Gerena*, 72 P.R.R. 211, 215, 217 (Todd, Jr.) (1951) (judgment obtained by a deliberate plan executed to defraud); *People* v. *Soto*, 73 P.R.R. 52, 71 (Snyder) (1952) (judgment obtained by a deliberate plan executed to defraud); *People* v. *Cruzado*, 74 P.R.R. 872, 877 (Ortiz) (1953) (judgment obtained by defendant's waiver of certain rights); *United States* v. *Morgan*, 346 U. S. 502, 510–512, 98 L. ed. 248, 256–257 (Reed) (1954) (judgment obtained without the aid of counsel which determined recidivism).

■■ Following the English antecedents, the writ of *coram nobis* will not lie to review after judgment irregularities committed in selecting a jury, such as the concealment by a juror on his voir dire of his qualifications or his misbehavior or partiality; *United States* v. *Mayer*, 235 U. S. 55, 68, 71, 59 L. Ed. 129, 136 (Hughes) (1914); annotation on "*Coram Nobis* for matters relating to juries," 36 A.L.R. 1443 *et seq.;* although such misconduct or partiality is not known until after sentence is pronounced, it being too late

to be presented on a motion for a new trial or in an appeal, (page 1444 of the same annotation).

Nor may the writ of *coram nobis* be employed on account of perjury of witnesses, *People* v. *Gerena, supra,* 36 A.L.R. 1444, and it is an almost universal rule of law that a challenge to the sufficiency of the evidence supporting the degree of the crime must be made on appeal and not by way of a *coram nobis* proceeding. In this case the defendant-appellant appealed to this Court on the merits of the judgment of conviction: *People* v. *Román,* 70 P.R.R. 48 (Negrón Fernández) (1949).

■ Since neither of the three questions alleged by the defendant-appellant were reviewable by *coram nobis* or by a motion to set aside a judgment in the nature of a writ of *coram nobis,* the trial court was not compelled to hear his petition or summon him in the usual form more than seven years after conviction. *People* v. *Smith,* 239 P. 2d 466, 467–468 (California) (Peters) (1952); *People* v. *Malone,* 215 P. 2d 109, 111 (California) (Adams) (1950).

■ The motion to set aside a judgment in the nature of a *coram nobis* proceeding as used in Puerto Rico, is not a proceeding such as habeas corpus which should be filed independently of the criminal cause which produces it. No error is committed by the Secretary who files it as a motion within the criminal action to which it corresponds. *People* v. *Soto,* 72 P.R.R. 385, 387–388 (Marrero) (1951).

The judgment appealed from will be affirmed.